Louisville and Nashville Railroad Company. vs. Warren County Court.

5b 243
89 139

CASE 34—PETITION EQUITY—JUNE 5.

# Louisville and Nashville Railroad Company vs. Warren County Court.

APPEAL FROM WARREN CIRCUIT COURT.

1. The act of June 3, 1865 (*Myers' Sup.*, 376), authorizing county courts, where the court-house, &c., have been destroyed, "to levy on the property of said counties, *listed for taxation* for revenue purposes, an *ad valorem* tax of not exceeding fifteen cents to each one hundred dollars of property *so listed*, did not authorize the Warren county court to levy a tax upon the depot grounds and other property of the Louisville and Nashville Railroad Company, in said county, to aid in rebuilding the court-house.

2.  The railroads of this State are not listed with the assessor of any county. nor do they enter into the assessed property of any county, even for revenue purposes.

3.  Railroads in this State are taxed at the rate of twenty thousand dollars per mile of road, including depot grounds, &c., and all the paraphernalia of such roads. By act of February 20, 1864 (*Myers' Sup.*, 480), the length of such roads is required to be reported to the Auditor, and the tax paid to the Treasurer.

4.  If a railroad company owns any property in any county in this State which is not included in the above act as part of the necessary paraphernalia of the road, such property is liable to taxation for revenue and county purposes.

5.  Circuit courts have jurisdiction, by injunction, to stay any illegal proceedings to assess a tax upon, and sell by coercive sale, the property of an individual or corporation.


J. R. UNDERWOOD and

I. & J. CALDWELL,                           For Appellant,

CITED—

*Act of February*, 20, 1864, *Myers' Supplement*, 480–81, *secs.* 1, 8.

7 *Dana*, 342, 343; *Johnson vs. Commonwealth.*

3 *Bush*, 648; *Applegate, &c., vs. Ernst, &c.*

1 *Bush*, 548; *Ferguson, &c., vs. Landram, &c.*        •

*Revised Statutes, 2 Stanton*, 248, 261.

*Act of June 3, 1865, Myers' Sup.*, 376.


J. W. GORIN,                               For Appellee,

CITED—

*Revised Statutes, sec. 2, art. 3, chap. 83, 2 Stanton*, 258.

*Act of February*, 16, 1858, *Myers' Sup.*, 394, *sec.* 3; *Ib.*, 480, 376.

*Constitution of Kentucky, sec.* 37, *art.* 2.

2 *Met.*, 150; *Chiles. vs. Drake.*

2 *Met.*, 168; *Lou. and Oldham T. P. R. Co. vs. Ballard.*

2 *Met.*, 221; *Phillips vs. Cov. and Cin. Bridge Co.*

3 *Met.*, 576; *Johnson vs. Higgins.*
*Session Acts* 1865, 2 *vol., chap.* 1753.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The Warren county court, claiming the legal right to have the road-bed, depot grounds, and other property of appellant assessed for taxation, to aid in rebuilding their court-house, were proceeding to collect the same, when appellant, denying said right, sued out this injunction in equity from the Warren circuit court, prohibiting their further proceeding until otherwise ordered.

The court having dismissed said petition and discharged the injunction, it seeks a reversal.

The right to so assess appellant is predicated on the act of June 3, 1865 (*Myers' Supplement*, 376), authorizing county courts "to levy on the property of said counties, *listed for taxation* for revenue purposes, an *ad valorem* tax of not exceeding fifteen cents to each one hundred dollars of property *so listed*. This act unquestionably authorized the county court to levy on all property listed in their county for revenue purposes. It is, therefore, important to ascertain whether the Louisville and Nashville Railroad Company listed, or could legally be required to list, their property in Warren county; for, so far as they had property in said county which should legally be there listed, for revenue purposes, the county court would be legally authorized to have it assessed for court-house purposes. By the previous act of February 20, 1864 (*Myers' Supplement*, 480), "the several railroads in this Commonwealth, their depot grounds and improvements, with the right of way, engines, rolling stock, and other investments for the uses and purposes of the roads, are hereby assessed for taxatian at

the rate of twenty thousand dollars per mile. The president and directors of each road shall, annually, on or before the 10th day of July, return, under oath, to *the Auditor of Public Accounts*, a statement of the length of the roads and branches belonging to them, and *pay to the Treasurer* the same rate of taxes on the assessment as is levied by law on real estate."

The object of this enactment, as expressed in the title, was to aid the sinking fund of the State; hence the railroads were not to be listed in *any county*, but reported directly to the *Auditor*, and the tax paid to the *State Treasurer*. Each road, with all its branches and necessary property, was to be reported as one integral whole, and the same rate fixed per mile on all alike, without regard to their costs or value; so that, in reality, the railroads of the State are *listed with no assessor of any county*, nor do they enter into the assessed property of *any county*, even for revenue purposes.

This presentation makes it palpable that no authority is conferred by the act of June 3, 1865, to assess them for county purposes, under the authority to tax such property as is therein listed for revenue purposes. But this only includes such lots, houses, and other property, as is essential and used as part of the paraphernalia of the road; in other words, if a railroad should own dwelling or storehouses, or lots not used for the purposes and as part of the road in its operations, such would not be exempt; but there is nothing in this case to authorize the assumption that appellant owned any such property in Warren county, and, therefore, we do not perceive any assessment on property liable thereto.

It is insisted, however, that this was not a proper remedy; that an appeal should have been made to the county court to correct said assessment in the first instance, and

that their judgment was then subject to review by this court.

To facilitate the correction of erroneous assessments without suit, it is provided by section 2, article 8, chapter 83, 2 Stanton's Revised Statutes, 258, that any person improperly charged, before he has paid the taxes, may make proof thereof to the county court, which may exonerate him; and by section 3, if taxes have been twice paid upon the same land, upon proof, the county court may order it refunded; and by section 3, title 108, Myers' Supplement, 394, it is provided, that when any person shall feel aggrieved by the *valuation* of his property, he may apply to the county court for its correction. But none of these acts come fully up to this case; and if they did, there is nothing in them taking from the circuit court its general jurisdiction to stay, by injunction, any illegal proceedings to assess and sell by coercive sale the property of an individual or corporation.

We think it is, therefore, clear that appellant was not liable to the assessment under said statutes, and that the circuit court had jurisdiction to stay the proceedings, and perpetually enjoin the county court, and other county officers, from further proceeding to collect the tax; and this is consistent with the case of *Applegate, &c., vs. Ernst, &c.,* heretofore decided by this court (3 *Bush,* 648).

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.