## LOUISVILLE & NASHVILLE R. CO. *v.* WARREN COUNTY.

**Taxation—Railroads—Courthouse Tax.**
Railroad property in a county is not subject to taxation for courthouse purposes, under act of Feb. 27, 1867, Sess. Acts 1867, vol. 2, p. 118.

**Statutes—Local or Special Act—Presumption.**
A local or special act of the Legislature will be presumed to have been intended to harmonize with the general legislation of the state, unless the contrary intention is shown.

APPEAL FROM WARREN CIRCUIT COURT.

October 22, 1873.

OPINION BY JUDGE LINDSAY:

In the case of the Louisville & Nashville Railroad Company v. Warren County Court, 5 Bush 243, this court held that the road bed, lots, houses and other property essential to and

used as part of the paraphernalia of the road of appellant, was not subject to county taxation for court house purposes, under the act of June 3, 1868, Myers Sup. 376, "to levy on the property of said counties listed for taxation for revenue purposes, an ad valorem tax of not exceeding fifteen cents on each one hundred dollars of property so listed."

This decision was based upon two reasons: first, that the property in question was not and could not be legally listed in Warren county for taxation for revenue purposes; and second, that under the general laws of this state railroads do not "enter into the assessed property of any county, even for revenue purposes." This latter reason is the necessary sequence of the decision in the case of Applegate et al. v. Ernst et al., 3 Bush 648, and in perfect accord with the legislature as manifested by the provisions of the act of February 20, 1864. The only subsequent act to which our attention has been called is one approved February 27, 1867, Vol. 2, p. 118, Session Acts 1867, which provides for the creation of a fund to discharge the debt incurred by Warren county in the erection of a court house, and authorizes the county court, a majority of the justices concurring, to "levy a tax on the property in the county subject to revenue taxation, not exceeding a fixed amount, etc." It is claimed that forty miles of the appellants' road is in Warren county, and that it is subject to revenue taxation, and hence, that it is embraced by this act. When it is considered that the general laws treat a railroad as an entirety, and tax it in its consolidated character, and that it does not in any way enter into the assessed property of any county, "even for revenue purposes," it is impossible to conclude that the legislature intended, by this act, to make an exception of the appellant's road, and confer upon Warren county a right denied to all other counties through which railroads have been constructed. It is much more rational to conclude that this act was intended to harmonize with the general legislation of the state, as it had theretofore been construed by the judiciary.

Its language does not indicate an intention to repeal or abrogate any existing law or rule of construction; and in speaking of property in Warren county, subject to revenue taxation, such estate as then entered into the assessed property of a county, and no other, was intended to be subjected to the contemplated

taxation. Repeals by implication are never favored, and a special statute ought not, unless its language is clear and unmistakable, to be regarded as contravening the general policy of the state. With due deference to the opinion of the honorable tribunal from which this appeal is prosecuted, we are constrained to adhere to the doctrine announced in the opinion of this court in the case between these parties reported in 5 Bush 243, but whether the opinion in the case of Applegate et al. v. Ernst et al., be or be not correct expositions of the law, they have been thus far acquiesced in by the legislative department of the state government, and we feel morally bound to regard these cases as controlling precedents until the general assembly shall be pleased to inaugurate a different policy. Wherefore the judgment appealed from is reversed and the cause remanded with instructions to dismiss the proceedings.

*T. H. Hines, for appellant.*

*Rodes, W. Ramsey, for appellee.*