### City of Bowling Green v. J. H. Grider.

**Injunction Against City Taxes.**

> The city has no right to assess and collect taxes on agricultural land, no part of which has been laid off into streets or lots, and where not needed for such purposes and where the owner thereof receives no benefits from any of the city improvements.

Recovering Taxes Paid.

> Where taxes are paid neither under a mistake of law or fact, but voluntarily paid without being under duress or coercion, they cannot be recovered back.

### APPEAL FROM WARREN CIRCUIT COURT.

#### October 4, 1878.

OPINION BY JUDGE ELLIOTT:

The city of Bowling Green having assessed about twenty-seven acres of appellee's land for taxation, and its officers having levied on his property for its collection, he brought this suit in equity and obtained a temporary injunction against the collection of the tax, which on final hearing was perpetuated, and hence this appeal.

The appellee is the owner of about 41 acres of land on the southern border of the town of Bowling Green, and the boundary of the town has been extended till it now includes about 27 acres of his land.

We are of opinion that the following facts have been established by the evidence:

First: that the land assessed for taxation lies on the southern border of the town of Bowling Green, and has not been laid off into town lots and is not penetrated by streets or alleys.

Second: that the land is bounded by Chestnut street for over 200 yards, and by Poplar street for over 100 yards, and that on these streets and next to appellee's land are some four or five residences; but that there is no residence or other building on the land assessed for taxation except the one in which the appellee resides.

Third: that appellee resides three-fourths of a mile from the public square of the town of Bowling Green, and still further from its market house, and his premises could receive but little advantage from its water power and none from its gas privileges.

Fourth: that none of appellee's land is needed for streets or alleys, and there is no prospect that at any time in the near future the increase in the city population will require that any part of it shall be laid off into town lots.

Fifth: that appellee's land is used for agricultural and horticultural purposes.

It is contended by the appellee that as his property receives none of the benefits of the municipal government that it should be subject to none of its burdens. All of the authorities agree that the power of taxation is a high governmental power, and that it is the

duty of the courts to keep it strictly within its legal and constitutional limits.

The evidence in this case makes it clear that the population of the city of Bowling Green does not require that any part of the assessed lands shall be laid off into streets, alleys or lots, and that if streets were run through these lands they would not only be useless, but would lead neither to where there was a settled population nor to other streets or highways. The evidence is equally as clear that the appellee is not benefited by the water, gas or other improvements of the city, and the evidence strongly intimates that it will be some time in the future before appellee's land or any part of it will be needed for city lots, streets or alleys. The evidence indicates that there are many lots in the city bordered by streets and alleys upon which no buildings have been erected, and that neither population nor other inconvenience requires an increase of lots or additional streets and alleys in the city.

It is true that the contiguity of appellee's farm to the city has enhanced its value, but this is not sufficient to authorize its taxation, for in *Courtney v. City of Louisville,* 12 Bush 421, it is said by this court that "If the single fact that land is made more valuable by improvements constructed by a municipal government is all that is required to authorize it to tax the land benefited, the area of city taxation would depend upon the energy with which such improvements were pushed into the country rather than upon the area occupied by a city population.

Something more than benefits is necessary to warrant that character of taxation. There must be both benefits, actual or presumed, and a town or city population on or near the land creating a necessity, or, at least, rendering it not unreasonable that the municipal government should be extended over it. But if, considering the location of the property with respect to actual population, it plainly appears that it is not near enough to such population to require municipal government, and the property has not been laid out into lots, and could not be profitably so used, it ought not to be taxed for city or town purposes. Such taxation is palpably unjust, and would be the taking of private property for public use without those corresponding benefits, actual or presumed, which constitute the sole basis of municipal taxation.

As appellant's land has none of it been laid off into streets or lots, and as it is not needed for any such purposes, and as appellant re-

ceives no benefits from any of the city improvements, it seems to us that the city had no right to assess and collect the tax enjoined in this action. If this tax were allowed it would be permitting the city to take appellee's private property to the extent of the tax for the use of the city, without any compensation either in the enjoyment of the advantages of city improvements or otherwise; nor does the property taxed receive any benefits from city improvements, except that its value is enhanced by reason of its proximity to the city.

As the property taxed has received no benefits from the local government it should bear none of its burdens, and this is the doctrine established by this court in *Courtney v. Louisville,* 12 Bush 419; *Louisville & N. R. Co. v. Warren County Court,* 5 Bush 243, and *Marshall v. Donovan,* 10 Bush 681. We conclude therefore that the court did right in perpetuating the appellee's injunction, and we incline to the opinion that it did right in dismissing the bill so far as it sought to recover back the amount of tax that had been paid. It seems that the payment was made neither under a mistake of law nor fact, for appellee inserts a protest in the receipt which evidenced its payment; nor did he pay it to relieve his property from sale as it had not been levied on; and there is not the slightest evidence that he paid it under duress or-coercion, and therefore we know of no rule of law that authorizes the money to be recovered back.

Wherefore the judgment is *affirmed* on the original and cross-appeal.

*B. F. Proctor, for appellant.    Rhodes & Clark, for appellee.*

