CASE 45—PETITION EQUITY—SEPTEMBER 11.

## Applegate, &c., vs. Ernst, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. The law treats a railroad and all its appurtenances as one entire thing, not legally subject to coercive severance or dislocation. In that consolidated character it must be taxed for State revenue, and cannot be a fit subject for local taxation by separate counties through which it passes.

2. A railroad cannot, to any extent, be liable to be taxed by a county to pay the subscription of such county, for the purpose of completing the construction of the road. The object of such a county tax would be inconsistent with the obligation of the county to pay a specific sum for stock in the railroad, to aid other stockholders to make and equip the road.

CARLISLE & O'HARA,                                For Appellants,

CITED—

*Act of Feb.* 27, 1849 ; *Act of March* 4, 1850.

*Act of March* 6, 1850.

*Act of Feb.* 15, 1864, *Sess. Acts* 1863–4, *p.* 387.

*Act of Feb.* 9, 1865, *Sess. Acts* 1865, *p.* 219.

4 *Indiana*, 86 ; *Orr vs. Baker.*

10 *Howard*, 393 ; *Phila. & Wil. R. R. Co. vs. Maryland.*

4 *Peters*, 514 ; *Providence Bank vs. Billings, &c.*

10 *New Hamp.*, 138 ; *Brewster vs. Hough.*

24 *Penn.*, 229 ; *Hospital vs. Philadelphia.*

10 *How.*, 534 ; *East Hartford vs. Hartford Bridge Co.*

8 *How.*, 569, 581; *Mills vs. St. Clare Co.*

6 *Wheat.*, 593 ; *Goszler vs. Corporation of Georgetown.*

5 *Cowen*, 542 ; *Pres. Church vs. City of New York.*

7 *Cowen*, 58 ; *Coats, &c., vs. Mayor of New York.*

11 *Peters*, 420; *The Charles River Bridge Co.*

16 *How.*, 369; *Ohio vs. Knoop.*

16 *How.*, 416; *Ohio Life & Trust Co. vs. Debolt.*

*Amr. Law Reg.*, May, 1868, p. 390; *Rowe vs. Washington University.*

24 *How.*, 300; *Christ Church Hospital vs. Philadelphia.*

*Constitution of Ky.*, sec. 1 of art. 13.

*Revised Stat.*, 1 *Stant.*, p. 262.

2 *Rhode Island*, 464; *P. & W. R. R. Co. vs. Wright.*

2 *Rhode Island*, 21; *Providence Gas Co. vs. Thurber.*

2 *Bland's Chy. R.*, 145.

9 *Met.* (*Mass.*), 202; *Boston Water P. Co. vs. City of Boston.*

2 *Pierre Williams*, 127; *Drybetter vs. Bartholomew.*

2 *Vesey*, 652; *Buckeridge vs. Ingram.*

7 *B. Mon.*, 160; *Louisville & Portland R. R. Co. vs. Commonwealth.*

1 *Bush*, 250; *Lou. & Nash. R. R. Co. vs. Commonwealth.*

STEVENSON & MYERS,                    For Appellees,
                    CITED—

*Session Acts* 1848–9, p. 384.

*Charter of the Lexington & Covington R. R. Co.*

*Session Acts* 1849–50, pp. 378, 580.

*Session Acts* 1863–4, pp. 387, 389.

2 *Met.*, 172; *Bullock vs. Curry.*

*Session Acts* 1865, pp. 219–20.

1 *Redfield on Railways*, 608–9.

18 *B. Mon.*, 431; *Winslow vs. Phillips.*

2 *Redfield on Railways*, 533, 392, 583.

3 *Howard*, 133; *Gordon vs. Appeal Tax.*

16 *Howard*, 365; *Ohio vs. Knoop.*

18 *Howard*, 331; *Dodge vs. Woolsey.*

15 *B. Mon.*, 353 ; *Sage vs. Dillard.*

26 *Penn.*, 242 ; 16 *Howard*, 386.

37 *Penn.*, 340 ; *Iron City Bank vs. Pittsburg.*

2 *Harrison's R.*, 80 ; *Stub vs. Berry.*

3 *Zabriskie*, 529 ; *State vs. Minter.*

32 *New Hamp.*, 484 ; *Pierce vs. Emery.*

23 *Howard*, 117 ; *Pennock vs. Coe.*

4 *Met.*, 201; *Bardstown & Louisville R. R. vs. Wickliffe.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The county of Pendleton having subscribed stock to the Covington and Lexington railroad, now called "*Central*," imposed an *ad valorem* tax on all the taxable property in that county for the purpose of raising the amount so subscribed. Claiming that so much of the road as is in that county is subject to the local levy thus imposed, the county court was attempting to enforce payment by sale, when the owners obtained an injunction against any further proceeding for that purpose; and the circuit court perpetuated the injunction.

The railroad, from one end to the other, is an entirety, and, as a whole, only, may be subject to taxation or coercive sale. Fragmentary taxations or sales might be unjustly vexatious and injurious to the owners, pervert the destination of the road, *and disturb the public use and interest.* To avoid such evils and absurdities, the law treats a railroad and all its appurtenances as one entire thing, not legally subject to coercive severance or dislocation. In that consolidated character it must be taxed for State revenue, and cannot be a fit subject for local taxation by the separate counties through which it runs.

Applegate, &c., vs. Ernst, &c.

And, moreover, if a part of the road were subject to taxation for ordinary local purposes, it cannot, to any extent, be liable for the county subscription *to itself for the purpose of completing its construction*. If liable for any portion of that subscription, it would, to that extent, pay the debt of the stockholders, or remit so much of the amount subscribed to itself, and, consequently, would get that much less than the subscription to it or for its use.

Then the object of the tax enjoined is inconsistent with the obligation of the county of Pendleton to pay a specific sum for stock in the railroad, to aid other stockholders to make and equip the road. To tax the road itself for that selfish purpose would be repudiation to the extent of the tax, and is not within the range of legitimate taxation for county purposes.

This conclusion being decisive of this litigation, we will omit the consideration of other questions discussed in the argument.

Judgment affirmed.