Franklin County Court v. Lou. & Nash. R. R. Co.

CASE 10—PETITION EQUITY—APRIL·13.

84    59
89    139

# Franklin County Court v. Lou. & Nash. R. R. Co.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

WHERE THERE HAS BEEN A FAILURE TO LIST PROPERTY FOR TAXATION because of the decision of the court of last resort in the State that such property was not subject to taxation, the fact that the court subsequently decides that the law was misinterpreted will not authorize the collection of taxes on the property for the period during which the law as announced and understood did not require such property to be listed for taxation.

The Court of Appeals of Kentucky decided in 1868 that a portion of a railroad in a county was not a part of the county property as to county taxation, but was an entirety, and liable in its consolidated character for State revenue only. This case was followed by another to the same effect, and the law remained as declared by the Court of Appeals until 1876. So much of appellee's road as is in Franklin county was not assessed for county taxes for the years 1868 to 1875, inclusive, and the county now seeks to collect taxes thereon for those years. *Held*—That while the court is of opinion that the law was misinterpreted, yet as appellee complied fully with the existing law, as interpreted by the highest judicial tribunal in the State, no more should be required of it.

W. H. JULIAN FOR APPELLANT.

1. The constitutional requirement of equality in taxation necessitates the taxation of railroads for county purposes equally with other real property in the county. (Marshall v. Donovan, 10 Bush, 681; Preston v. Roberts, 12 Bush. 570; Lexington v. McQuillan, 9 Dana, 516; Lincoln County Court v. L. & N. R. R. Co., 3 Ky. Law Rep., 436; Louisville Water Co. v. Hamilton, 5 Ky. Law Rep., 557.)

2. The rule of the common law is, that unless there be special legislative exemption railroads must bear their share of the local as well

as general burdens of taxation. (Cooley on Taxation, 146; Pierce on American Railroad Law, 12; Dillon on Municipal Corporations, 787; Union Trust Co. v. Webber, Am. & Eng. R. R. Cases, volume 3, page 583.)

3. Railroads were "taxable property" in this State anterior to 1876. (L. & N. R. R. Co. v. Commonwealth, 1 Bush, 256.)

4. They were taxable for local purposes under acts authorizing levy upon all "taxable property." (E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 233; City of Ludlow v. Trustees of Cincinnati Railway Co., 78 Ky., 357; Special Acts 1867–'8, page 179; Special Acts 1869, page 552.)

5. The case of Applegate v. Ernst, 3 Bush, 650, stands unsupported by any other decision, and the only expression in it applicable to this case is *obiter dictum*.

6. Even if that case was authority to the extent claimed, it has been overruled. (Frankfort, Lexington & Versailles Turnpike Co. v. Commonwealth, 6 Ky. Law Rep., 393; Lincoln County Court v. L. & N. R. R. Co., 3 Ky. Law Rep.)

7. The assessment was strictly regular and legal. (General Statutes, chapter 92, article 8, section 23; General Acts, 1884, chapter 970, section 4.)

8. Irregularities in the assessment can not be corrected upon the trial of injunction. (Commonwealth, &c., v. W. A. Gaines & Co., 4 Ky. Law Rep., 382.)

9. If injunction should be sustained, court should direct company to pay taxes into court, or that road be placed in the hands of a receiver. (Louisville Water Co. v. Hamilton, 5 Ky. Law Rep., 557.)

A. DUVALL AND W. H. JULIAN IN PETITION FOR REHEARING.

1. Expression in Applegate v. Ernst, relied on as forbidding the fragmentary taxation of railroads, was *obiter dictum*. (Bouvier's Law Dictionary, volume 1, page 476; Wells on Res Adjudicata and Stare Decisis, page 530; Brown v. Commonwealth, 14 Bush, 409; Lincoln County Court v. L. & N. R. R. Co., 3 Ky. Law Rep.)

2. It has been the uniform practice of this court to apply the law *as last construed* to cases the facts of which occurred under and in view of overruled decisions. (Barbour's Digest, volume 2, page 1071.)

3. In this case no contract rights had vested under the erroneous decision, if it be a decision.

IRA JULIAN FOR APPELLEE.

1. Prior to act of March 17, 1876, railroads were not taxable for county purposes. (Applegate v. Ernst, 3 Bush, 650; Warren County Court v. L. & N. R. R. Co., 5 Bush, 245.)

2. The special acts relied on, which authorized an *ad valorem* tax upon

the "taxable property of the county," did not authorize the taxation of railroads, as they were not then "taxable property."

3. The company which owned the property. from 1868 to 1875, and not the appellee, is liable for the tax. (Desty on Taxation, volume 1, page 554; General Statutes, page 720.)

4. The county has no lien for taxes until there has been an assessment. (Desty on Taxation, vol. 2, page 736; 43 Cal., 643; 106 Mass., 29; Leach v. Kendall, 13 Bush, 425.)

5. The assessment was not valid. The clerk has no power to make an assessment without the intervention of the county court. (General Statutes, page 723.)

6. The clerk should have certified to the sheriff the amount of tax due. (General Statutes, pages 725 and 734.)

7. The property of a railroad company ·essential to the carrying on of its business can not be seized and sold for taxes. (12 Bush, 233; 78 Ky., 357.)

8. Proceedings for the collection of back taxes under sections 20 to 26 of article 5, chapter 92, General Statutes, are penal proceedings. (1 Bibb, 515; 3 A. K. Mar., 465; 3 Bush, 465; 13 Bush, 269; Howell's Ex'r v. Commonwealth, MS. Op., Dec. 2, 1879.)

9. Appellant's proceeding being penal, the one year statute of limitations applies. (General Statutes, chapter 29, section 23, page 320.)

10. Whether the proceeding be penal or civil, it is barred by the five years statute. (General Statutes, page 629.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The liability of the appellee, the Louisville & Nashville Railroad Company, for county taxes for the years 1868 to 1875, inclusive, upon so much of its road as is in Franklin county, and a proper proportion of its rolling-stock, is involved.

The sheriff of the county reported to the county court clerk on December 8, 1883, that the assessor had failed to make the assessment, and thereupon the clerk certified to the sheriff that he had listed the property for those years. The latter officer then tendered the appellee's agent a receipt· for the taxes claimed, and demanded payment. This being refused, he levied upon a lot in use by the company as a freight yard, and this suit was brought on January

24, 1884, enjoining the county from further proceedings.

It is a part of the general jurisdiction of the chancellor, as held by this court in the case of the L. & N. R. R. Co. v. Warren County Court, 5 Bush, 243, to stay by injunction illegal proceedings to assess and sell property for taxes. Numerous grounds are urged in this instance why it should be done; but it is only necessary to consider one of them. Prior to the act of March 17, 1876 (*vide* General Statutes, page 881), our statute did not expressly provide, either as to county or State taxation, that *all* property, save that specifically exempted, should be liable.

Undoubtedly, however, this is the general rule, and the exemption is the exception. Inequality of taxation, whether local or general, is inconsistent under a government where all share alike its benefits, and should, therefore, bear the burdens equally. The power of taxation is necessary to governmental existence, and every person or corporation protected by it should contribute his or its just proportion to its support. This is obviously true as to the local as well as the State government. All are interested in the purposes which render county or local taxation necessary. These general views have often been announced from this bench, and are beyond dispute.

This court, however, decided in 1868—which is the very year from which the claim of the appellant dates—in the case of Applegate, &c., v. Ernst, &c., 3 Bush, 648, that a portion of a railroad in a county was not a part of the county property as to county taxation, but was an entirety, and liable in its consolidated character for State revenue only.

This case was followed by that of the L. & N. R. R. Co. v. Warren County Court, *supra*, to the same effect, and this remained the law of the State, as declared by its highest judicial tribunal, during all the years covered by the tax claim of the appellant.

The Legislature, knowing that no statute existed expressly declaring that *all* property should be liable for county taxation, save that specifically exempted, and recognizing the law to be as announced by its court of *dernier resort*, on March 17, 1876, passed an act providing that *all* the property in a county, not specially exempted by law, should be liable for any county *ad valorem* tax, and that all the property of any railroad company, and that of various other kinds of corporations therein named, should be assessed for such purpose.

It may, therefore, be said that the non-assessment of the appellee, during the years for which taxes are now claimed, was recognized as proper by both judicial decision and legislative action. This court, as now organized, fails to recognize any sufficient reason why that portion of a railroad within a county should not have been held liable for county tax prior to the legislative declaration in the act of 1876. It shared in the protection and advantages afforded by the local government. Its liability for its proper proportion of the expense incident thereto would not at most necessarily have impeded its proper use by either the owner or the public, and the fundamental rule of at least approximate equality of taxation, it seems to us, should have been applied to it. The law, however, as then declared and recognized,

was otherwise. The acts of the Legislature relating to Franklin county of January 9, 1868, and March 16, 1869 (Acts 1867–8, vol. 1, page 179, and 1869, vol. 2, page 552), did not alter it as to this particular county, because the taxation thereby authorized was upon all "the *taxable* property" of the county; and it must be considered that the Legislature had in view only such property as was then taxable under the then law as declared by this court. The appellee did all that was then required of it as to listing its property or paying its taxes. No demand was made of it to do more, or for the tax now claimed, for a period ranging from eight to fifteen years from the time when it accrued.

It is true that there is no limitation against a tax assessment, and it creates the lien; but the age of this claim, aside from any other fact, does not call the court to great activity. It may be said, however, that the necessities of government require that "back taxes" may be collected even by a sale of property in the hands of a *bona fide* purchaser; that in this instance no right has been acquired or changed under the law as then understood and declared; that the company has merely failed to pay its taxes; that it is a mere *casus omissus* upon its part, and that it is illogical to say that because one did not discharge a duty because the law was then misinterpreted, that, therefore, he shall not be compelled to do so now.

From 1868 to 1875, inclusive, it was, however, the law, as declared by this court, that the road of the appellee was not taxable for county purposes. There

was no express statutory provision to the contrary. Rights were acquired and duties performed in accordance with the then law as announced and understood, and in the absence of an express statute to the contrary, the then construction of the law must yet be held to be *the* law governing the acquisition of rights, or the performance of duties of that period.

It is well-settled that if a contract be valid under the law as previously expounded by the courts, and as understood at the time, no subsequent judicial action will render it invalid. Parties have the right to and do contract with a view to the then law as declared. (Olcott v. The Supervisors, 16 Wall., 678.)

It is equally just that the same rule should apply as to duties required of them, such as the listing of their property for or the payment of taxation. Otherwise they would not know when or how to act safely as to investment; and it would introduce much uncertainty and mischief into the business of the country. If they comply fully with the existing law, whether it be in the form of positive legislative enactment or judicial interpretation, no more should be required of them.

Judgment affirmed.