Commonwealth for use of Marion County v. Lou. & Nash. R. R. Co.

turity of the notes, does not affect the question ; for the agreement to pay a legal rate of interest was as binding as the agreement to additionally secure the debt itself ; and the fact that the agreement was collateral did not change the agreed interest into principal. It was accruing every day as interest on the principal, and was, in fact and in law, interest, although expressed in the mortgage, and not in the notes ; and, as the agreement included usurious interest, it comes within the act of Congress, which forfeits the entire interest.

The judgment of the lower court is affirmed on the cross-appeal of the bank ; and the judgment on the appeal of Alves, trustee, is reversed ; and the case is remanded, with directions to disallow the interest on each note from its maturity until the judgment was rendered thereon.

---

\* CASE 20—INFORMATION—NOVEMBER 27, 1888.

# Commonwealth for use of Marion County v. Louisville and Nashville Railroad Company.

APPEAL FROM MARION CIRCUIT COURT.

1. LOCAL TAXATION OF RAILROADS.—Under the law, as it was construed prior to the act of March 17, 1876, expressly subjecting railroads to local taxation, railroads were not subject to taxation by counties, unless expressly authorized by statute. Therefore, neither an act, passed in 1865, authorizing a tax to be levied on all property of Marion county "liable to taxation for State revenue," nor an act, passed in 1869, authorizing a tax to be levied on the taxable property

\* This case has been pending upon a petition for rehearing; and, for that reason, has not been reported sooner.

Commonwealth for use of Marion County v. Lou. & Nash. R. R. Co.

in said county, "listed and taxed under the revenue laws of this State," authorizes the taxation of appellee's road by the county for the years from 1866 to 1875, as the railroads of the State, at the time of the passage of those acts, were not taxed under the general revenue laws of the State, but were taxed specifically upon a certain value per mile.

2. ASSESSMENT BY COUNTY COURT A JUDICIAL ACT—RIGHT OF APPEAL.—The county court, in assessing the property of delinquent tax-payers under sec. 22 of art. 6, chap. 92, Gen. Stats., and imposing the penalty provided by the statute where the tax-payer is willfully delinquent, acts judicially, and not ministerially, and an appeal lies to the circuit court.

SAM. T. SPALDING AND LEWIS EDELEN FOR APPELLANT.

1. Exemptions from taxation, embodied in the charter of a railroad company, in consideration of the "public services" which those companies are supposed to render, will be upheld, although always rigidly construed. (The Delaware Railroad Tax, 18 Wall., 206; West Wis. R. Co. v. Supervisors, &c., 93 U. S., 595; Ky. Central R. Co. v. Bourbon County Court, 82 Ky., 497.)

But any such immunity *subsequently conferred, without the addition of further public services to sustain the grant,* is unconstitutional. (Citizens' Gas Light Co. v. Louisville Gas Light Co., 81 Ky., 263; Louisville Gas. Co. v. Citizens' Gas Light Co., 23 C. L. J., 81.)

The Legislature cannot confer exemption from taxation, except in consideration of public service. Barbour v Louisville Board of Trade, 82 Ky., 653; Lancaster v. Clayton, 9 Ky. Law Rep., 611.)

Equality and uniformity in taxation must be attained as nearly as is practicable. (City of Lexington v. McQuillan s Heirs, 9 Dana, 53, 513; Cooley on Taxation, p. 2; Preston v. Roberts, 12 Bush, 570; · Cooley on Taxation, pp. 2, 142.)

2. Even if the Legislature, in authorizing a county to levy a valuation tax, might, in *apt terms,* except the realty owned by a railroad company from its operation without imposing a burden of public service, the courts will not, by construction, work out such an exemption. An intention to exempt must be clearly expressed.

3. No municipality has a right to levy *ad valorem* taxes without special legislative authority. When, however, the Legislature undertakes to confer such authority, the acts by which it is to be conferred are to be construed in no spirit of favoritism to any kind of property or class of citizens, but according to the ordinary canons of construction.

4. Tax laws apply to corporations, although not specially named. (Lou. & Nash R. Co. v. Commonwealth, 1 Bush, 250; Franklin County Court v. L. & N. R. Co., 7 Ky. Law Rep., 812; F., L. & V. T. P. Co. v. Commonwealth, 82 Ky., 388; Ontario Bank v. Bunnell, &c., 1 Wend.; Oswego Bank v. Oswego Village, 12 Wend., 544.)

Commonwealth for use of Marion County v. Lou. & Nash. R. R. Co.

5. Under the act of 1865 (Acts 1865, vol. 2, p. 309), and the act of 1869 (Acts 1869–70, vol. 1, p. 48), all property "listed and taxed under the revenue laws of this State" was subject to taxation for county purposes; and, as appellee's property was "listed and taxed under the revenue laws of the State" (L. & N. R. Co. v. Commonwealth, 1 Bush, 250; Acts 1863–4, p. 101, sec. 4), it is subject to taxation for county purposes under those two acts. (Kenton Ins. Co. v. City of Covington, 7 Ky. Law Rep., 763; Covington Gas Light Co. v. City of Covington, 8 Ky. Law Rep., 442.)

Section 8 of the act of 1864, providing for the taxation of railroads, did not exempt railroads from *municipal* taxation. That section is a limitation only upon the amount of tax that may be assessed for *State* purposes. (Ky. Cent. R. Co. v. Bourbon County, 82 Ky., 497.)

6. Under the act of 1864, the capital stock is not made taxable in the corporation's hands, and is expressly exempt from taxation in the shareholder's hands. But even if the shares were taxable in the stockholder's hands, that would not exempt the company from taxation on its visible property. Shares of stock are evidence of debt due by the corporation to the share-holders. (Trustees of Eminence v. Deposit Bank, 12 Bush, 538; Belo v. Supervisors, 82 N. C., 415; Spalding v. Paine's Adm'r, 81 Ky., 419.)

It is admissible to tax corporations on their capital stock, and also the corporators on their shares. (Cooley's Const. Lim't, 5th ed., p. 636, note 3; Cooley on Taxation, p. 220; State v. Jersey City, 45 N. J., 480; Erie Railway Co. v. Commonwealth, 66 Penn. St., 84, 5 Am. Rep., 351; City of Memphis v. Easley, 6 Baxter, 553, 32 Am. Rep., 532; Field on Corporations, 521; Western Union Tel. Co. v. State, 9 Baxt., 509; Louisville Water Co. v. Hamilton, &c., 81 Ky., 517.)

7. A county court, in declaring property subject to taxation, and directing its assessment, acts *ministerially* and not *judicially*, and no appeal lies to the circuit court. (Baldwin v. Shine, 8 Ky. Law Rep., 496.)

A. DUVALL of counsel on same side.

W. J. LISLE for appellee.

1. Prior to the act of March 17, 1876 (Gen. Stats., p. 881), a railroad was not liable to local disseveration by taxation. (Applegate v. Ernst, 3 Bush, 648; L. & N. R. Co. v. Warren County, 5 Bush, 243; E. & P. R. Co. v. Trustees Elizabethtown, 12 Bush, 233; Graham v. Mt. Sterling Co., 14 Bush, 425; City of Ludlow v. Trustees C. S. R. Co., 78 Ky., 361; Winslow v. Phillips, 18 B. M., 433; Franklin County Court v. L. & N. R. Co., 7 Ky. Law Rep., 813.)

2. The act of 1869 (Acts of 1869, vol. 1, p. 471), which authorized a tax by the county upon property, "as listed and taxed under the revenue

laws of the State," was not intended to apply to railroads, because the property of railroads was not *listed* for taxation in any county. (L. & N. R. Co. v. Warren County, 5 Bush, 245.)

The other three local·acts relied upon, which authorize taxation upon property in the county subject to taxation, must be considered as referring to only such property as was then taxable under the then law, as declared by this court. (Franklin County Court v. L. & N. R. Co., 7 Ky. Law Rep., 810.)

3. Section 8 of the act of 1864 exempts railroads from county taxation. The case of Ky. Cent. R. Co. v. Bourbon County, 82 Ky., 500, has no reference to the act of 1864.

4. The exemption of railroads from county taxation is not the conferring of exclusive privileges forbidden by the Bill of Rights. (Commonwealth v. Whipps, 80 Ky., 272.)

There is no imperative requirement that taxation shall be equal. (Cooley on Taxation, chapter 6.)

5. The stockholders having paid on their shares, it has the effect of incidental double taxation to tax for the same purpose the corporation on its corporate property; and justice, reason and morality demand that this should not be done, unless the law-making power has clearly so directed. (L. & N. R. Co. v. Commonwealth, 1 Bush, 252; Livingston v. City of Paducah, 80 Ky., 658; Cooley on Taxation, p. 167, chap. 6.)

6. Property may be exempt from taxation, although not specified in art. 1 of chap. 92 of the Gen. Stats., which specifies certain articles and classes of property as exempt. (City of Louisville v. Commonwealth, 1 Duv., 295; Franklin County Court v. L. & N. R. Co., 7 Ky. Law Rep., 813.)

7. In considering tax questions, it should be borne in mind that imposing a tax is not contracting with the tax-payer. (Bradley v. McAtee, 7 Bush, 672.)

What must be taxed and what not taxed must be determined by the Legislature, and not by the courts. (Pennington v. Woolfolk, 79 Ky., 13.)

8. The county court in such proceedings as this acts judicially and not ministerially, and, therefore, an appeal lies. (Alexander v. Commonwealth, 1 Bibb, 515; McCall v. Justices of Clark County Court, *Ibid.*, 516; Olds v. Commonwealth, 3 A. K. Mar., 465; Commonwealth v. Olds, 5 Litt., 137; Vance v. Commonwealth, 3 Bush, 465; Evans v. Commonwealth, 13 Bush, 269; Howell's Ex'r v. Commonwealth, MS. Op., Dec. 2, 1879, extended March 23, 1880; L. & N. R. Co. v. Commonwealth, 8 Ky. Law Rep., 840; C., O. & S. W. R. Co. v. Grayson County, 8 Ky. Law Rep., 877; L. & N. R. Co. v. Commonwealth, MS. Op., March 30, 1887.)

Baldwin v. Shine, 8 Ky. Law Rep., 496, was a case under the Auditor's Agent Act of April 29, 1880, while this is a case under secs. 22 and 25, art. 5, chap. 92, of the General Statutes.

WM. LINDSAY AND H. W. BRUCE OF COUNSEL ON SAME SIDE.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Marion county, the appellant, caused a summons to issue from the Marion County Court against the appellee to show cause why its railroad, &c., situated in said county, should not be assessed for the years 1867, 1871, 1872, 1873 and 1875, under the acts of 1865, 1867, 1869–70, which authorized the appellant to levy and collect *ad valorem* taxes on the taxable property in said county for the benefit of the county. The appellee, by its response, denied that its property in said county was subject to be assessed by the county for said years, or any of them. The county court ordered its clerk to assess the appellee's road, in said county, at the rate of twenty thousand dollars per mile for each of said years. Upon appeal by the appellee from said judgment to the circuit court, the judgment of the county court was reversed, and the appellant's proceedings were dismissed. The appellant has appealed to this court.

By the act of the Legislature of 1864, all the railroads in this State were assessed at twenty thousand dollars per mile. The president, &c., of each road were required, on or before the 10th day of July of each year, to furnish, under oath, to the Auditor of the State, the length of the road and its branches belonging to them. And each road was required to pay the same rate of tax on said assessment as was levied by law upon real estate. So, by said act, the tax upon railroads is specific.

This court, in the case of Applegate v. Ernst, 3 Bush, 648, held, that in the absence of a statute expressly authorizing it, a railroad, for the reason that it was an entirety, could not be legally assessed in fragments; therefore, the portions of the road, situated in each county, could not be assessed in such county for local purposes.

Also, in the case of the Louisville & Nashville R. Co. v. The Warren County Court, 5 Bush, 246, this court, reiterating the same doctrine, held, that under an act of the Legislature of the State, passed in 1856, authorizing Warren county to collect an *ad valorem* tax, to be levied on all the property in said county, "listed for taxation for revenue purposes," the county of Warren had no power to force the Louisville & Nashville Railroad Company to pay taxes on its road in said county. The court, in that case, held, that as the road, from end to end, was an entirety, it was not subject to fragmentary taxation, unless such taxation was expressly authorized by an act of the Legislature; that enactments of the Legislature, authorizing local *ad valorem* taxation, should not be made to apply to railroads by construction. The cases of Elizabethtown & Paducah R. Co. v. Elizabethtown, 12 Bush, 233; Graham v. Mt. Sterling C. R. Co., 14 Bush, 425; Franklin County Court v. Louisville & Nashville Railroad Company., 84 Ky., 59, construe the cases of Applegate v. Ernst, and Louisville & Nashville R. Co. v. Warren County Court, as above indicated.

But the appellant contends that the acts of 1865 and 1869 are more comprehensive than the act relied on in

the case of Louisville & Nashville R. Co. v. Warren County Court, and, therefore, included the appellee's road. The act of 1865 authorized a tax to be levied "on all property of said county liable to taxation for State revenue." The act of 1869 authorized a tax to be levied on "the taxable property in said county, listed and taxed under the revenue laws of this State." The act relied on in the case of Louisville & Nashville R. Co. v. Warren County Court means that Warren county was authorized to levy and collect an *ad valorem* tax on all the property in the county subject to taxation under the general revenue laws of the State. The language of the acts of 1865 and 1869 means no more. The railroads of the State at that time were not taxed under the general revenue laws of the State, but were taxed specifically at the rate of twenty thousand dollars per mile. Also, according to said decisions, each railroad in the State was regarded as an entirety, and was not subject to fragmentary taxation, unless such taxation was expressly authorized. It follows that the railroads of the State, according to said decisions, were not subject to local taxation by implication. Therefore, the Legislature, by an act approved March 17, 1876, recognizing the fact that the railroads in this State, by reason of said decisions, were not subject to local *ad valorem* taxation, expressly subjected them to such taxation.

From what has been said, it follows that neither the act of 1865 nor the act of 1869 expressly includes the appellee's road.

Therefore, still adhering to the views expressed in the case of Franklin County v. The Louisville & Nashville

R. Co., 84 Ky., 59, Law Rep., we are constrained to hold that under the law, as it was construed by this court in the cases of Applegate v. Ernst, and Louisville & Nashville R. Co. v. Warren County Court, above referred to, the appellee's road should not be subjected to the appellant's taxes for the years 1866, 1867, 1870, 1871, 1872, 1873, 1874 and 1875.

The appellant also contends that the circuit court should have dismissed the appellee's appeal, on the ground that the decision of the county court was a ministerial, and not a judicial act.

The powers of the county court, in cases like this, are conferred by sections 14, 15, 16 and 22, article 6, chapter 92, General Statutes, and not by the Auditor's Agent Act.

By said section 22, the county clerk, upon information filed by the sheriff, summons the supposed delinquent to appear and show cause why his property should not be taxed. The supposed delinquent may appear before the county court and show that his property was not subject to taxation, or may address any excuse or extenuating circumstance that he may have for not listing the same, all of which the appellee attempted in this case; and it was the duty of the county court to pass upon these questions, which it did. Also, if the respondent is found willfully delinquent, it is the duty of the court to impose a penalty upon him; upon which question the court passed in this case. If the respondent is not found willfully delinquent, but it is found that his property is liable to the tax, the court directs the clerk to assess it; the court, in such

case, simply passes upon the question as to whether the property is liable to be taxed.

In this proceeding by the court the first question is, is the property liable to taxation? If decided in the affirmative, the next question is, was the owner willfully delinquent? If yea, the court may fine him, &c. But the court does not make the assessment. It orders that it shall be done upon the finding of the fact that the property is liable to be assessed. In determining these matters, the court acts judicially and not ministerially; hence, an appeal from its decision lies to the circuit court.

The judgment is affirmed.