CASE 83—INDICTMENT—FEBRUARY 8.

## Commonwealth v. Moore.

APPEAL FROM SIMPSON CIRCUIT COURT.

1. OBTAINING MONEY UNDER FALSE PRETENSES.—To constitute the statutory offense of obtaining money under false pretenses, the pretenses whereby the money was obtained must relate to some pretended past occurrence or existing fact. No representation of any thing to be done in future is a pretense, within the meaning of the statute.

2. SAME.—One who obtained money from the mother of a boy confined in jail by falsely representing that her son was threatened with mob violence; that it was necessary, in order to protect him, to remove him to the jail of another county; that defendant had been employed as his counsel, and needed money to effect the removal, was guilty of obtaining money under false pretenses, and the court erred in sustaining a demurrer to an indictment alleging these facts.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLANT.

It was the false representation of present and existing conditions, whereby defendant obtained the money. His promise to do certain things with the money was a mere incident to the fraud whereby he obtained it. (Gen. Stats., chap. 29, art. 15.)

Commonwealth v. Moore.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The demurrer to this indictment for obtaining money upon false pretenses was doubtless sustained upon the ground that the false representation related to something to take place in the future. An indictment for this offense must not only set forth the pretenses whereby the money was obtained, but they must relate to some pretended past occurrence or existing fact. No representation of any thing to be done or to take place *in futuro* is a pretense within the meaning of the statute, as has been heretofore decided by this court. (Glackan v. Commonwealth, 3 Met., 232.) Let us, however, test the sufficiency of this indictment by this rule.

It avers that the appellee, M. F. Moore, knowingly, willfully, feloniously and fraudulently represented to Susan Mason that a mob was then threatening to take her son from the jail, where he was then confined up·on a charge of murder, and kill him; that he (the accused) had been employed as his counsel; that to protect him from mob violence it was necessary to remove him from the Simpson county jail to that of Warren county; that up to that time the first-named jail had been guarded in order to protect him against the mob, but it would be no longer; that it would be very dangerous for him to remain in it until nine o'clock that night, and he must be moved by that time; that the removal would be expensive, and she must furnish him some money for that purpose; that, relying upon these · statements, she did pay him ten dollars, when, in truth and fact, as he well knew, no mob had threatened to mob or injure her son; nor had he been

employed as his counsel; nor was he in any danger in the jail; nor was any money needed to remove him to another jail; nor was the Simpson county jail then guarded, nor had it been, to protect her son.

These statements, if made, related in part even to past occurrences. Manifestly, they also related to existing facts and an existing state of case. If made, then the money, if obtained, was furnished by reason of a false representation of a present and existing condition of affairs. We are, of course, assuming, as is proper upon a demurrer, that the averments of the indictment are, true. The fact that the accused promised to do so and so with the money was a mere incident in the transaction. Aside from it, the indictment is sufficient.

The accused has not been put in jeopardy, and the judgment is reversed, with directions to the lower court to overrule the demurrer and proceed with the case.