## Button et al. v. Drake.

June 4, 1946.

518

Lawrence S. Grauman for appellants.

Bullitt & Middleton and William Mellor for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Again we are called upon to determine the comprehensiveness of the words, "all property", as used in

Section 172 of the Constitution, which reads: "All property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale; * * *."

Appellee, Maidee L. Drake, is the beneficiary named in a policy of insurance issued by the New England Mutual Life Insurance Company, of Boston, Massachusetts, on the life of her deceased husband, under which she is entitled to receive the sum of $55.17 per month so long as she lives. Under one of the provisions of the contract, the company agreed that upon Mr. Drake's death it would retain the proceeds of the policy, pay three per centum interest thereon, and withdraw so much of the principal as might be necessary in supplementation of the interest to equal the amount of the monthly payments. Since the guaranteed interest is not sufficient, it is necessary to encroach upon the corpus to make the payments. The Tax Commissioner of Jefferson County instituted the action to collect taxes on Mrs. Drake's right created by the contract, contending that such right is property within the meaning of Section 172 of the Constitution, supra; and relies on Commonwealth v. Nute, 115 Ky. 239, 72 S. W. 1090; Commonwealth v. Sutcliffe, 283 Ky. 274, 140 S. W. 2d 1028; County Board of Tax Supervisors of Jefferson County et al. v. Helm, 297 Ky. 803, 181 S. W. 2d 452; and Evans v. Boyle County Board of Supervisors, 296 Ky. 353, 177 S. W. 2d 137. Appellee contends that it was not intended by the framers of the Constitution to include this species of property in the phrase, "all property"; and relies upon this Court's opinion in Button et al. v. Hikes, 296 Ky. 163, 176 S. W. 2d 112, 150 A. L. R. 779.

Since Commonwealth v. Sutcliffe, supra, is the leading case in support of appellants' contention, and Button et al. v. Hikes, supra, is the leading case in support of appellee's contention; and since we are of the opinion that these decisions conflict, we will review them briefly for the convenience of the reader. By the will of Elbert H. Gary, a resident of New York, his grandson, Elbert Gary Sutcliffe, a resident of Kentucky, was devised the income to be derived from a $300,000 trust estate to be administered by the New York Trust Company, as trustee. The trustee was directed, upon Sutcliffe's death, to divide the principal of the trust estate

among Sutcliffe's lawful issue, per stirpes. In the event no issue survived him, the trust fund was to revert to the testator's estate. The Court held Sutcliffe's right to receive the income to be subject to ad valorem taxation.

Hikes entered into a contract of insurance with three insurance companies, the provisions of all which were substantially the same. The companies agreed that upon Hikes' death, they would pay to his widow, for life, interest on the proceeds of the policies at such rates as might be fixed by the respective companies, but not less than three per centum per annum. Upon her death, the proceeds of the policies are to be paid to the children and grandchildren of the deceased and the widow. In the event the children and grandchildren precede Mrs. Hikes in death, but only in that event, the latter is to receive the proceeds of the trust estate in a lump sum. It was held that Mrs. Hikes' interest in that estate is not subject to ad valorem taxation. In arriving at this conclusion, the Court resorted to the doctrine of contemporaneous construction, to which we later will refer. In the opinion, an attempt was made to distinguish the Hikes case from the Sutcliffe case; but the distinction drawn, if a distinction at all, is one without a difference. The Court said (296 Ky. 163, 176 S. W. 2d 117): "Appellants argue that the rights sought to be taxed cannot be distinguished from the interests held to be taxable in the first of the Sutcliffe and other cases. It must be conceded that they are similar in the uncertainty of their value, duration, and other particulars; but this does not alter the fact that the interests held taxable arose out of the transmission by will or inheritance of recognized forms of property, and that estates so created almost universally have been regarded as property, while interests created by life insurance policies have not. We are not concerned with the question whether the latter should be taxed, but whether the framers of the Constitution intended to tax them."

We know of no constitutional immunity from taxation to be accorded property procured by proceeds of life insurance policies, in contradistinction to rights arising from any other character of investment. If it should make any difference, the insurance feature of the contract passed out of existence upon the death of Mr. Hikes, and in this case upon the death of Mr. Drake. Thereafter, the contracts were resolved into trust agree-

ments no different in essence from those outlined in the Sutcliffe case and the other cases relied upon by appellant. (See dissenting opinion in Button v. Hikes, supra.) The statement that trust estates devised by will always have been regarded as property, while interests created by life insurance policies have not, seems to be without foundation. The basis of the statement that interests created by life insurance policies have not been regarded as property is that they never have been subjected to taxation in this State. If that basis is sound, it is applicable to the interest held taxable in the Sutcliffe case, because such interests, previous to that decision, likewise never had been subjected to taxation in this State. And so we think that no distinction can be made between the two cases: if the one stands, the other must fall.

As we have stated, the Court resorted to the doctrine of contemporaneous construction in exonerating Mrs. Hikes from the payment of ad valorem taxes on her interest in the estate arising out of the proceeds of the insurance policies. That doctrine has been stated in the following language: "The court in determining the meaning of an *ambiguous* constitutional provision may consider the contemporaneous and practical construction given it by administrative officials and legislatures." (Emphasis ours.) 16 C. J. S., Constitutional Law, sec. 32, p. 70.

It is fundamental that contemporaneous construction may be resorted to by the courts only where the constitutional provision to be construed is so ambiguous that its meaning is left in substantial doubt. In 16 C. J. S., Constitutional Law, sec. 32, p. 71, it is said: "The application of the doctrine of contemporaneous construction is more restricted as applied to the interpretation of constitutional provisions than when applied to statutory provisions. * * * So, where the meaning of a constitutional provision is clear, a contemporaneous or practical legislative or executive interpretation thereof is entitled to no weight, and will not be allowed to distort or in any way change its natural meaning."

In 11 Am. Jur., Sec. 78, p. 698, we read: "The giving weight to contemporaneous construction put upon an enactment by those charged with its execution applies only in cases of ambiguity and doubt. Plain and unam-

biguous constitutional provisions cannot be varied by legislative, executive, or departmental construction. There is no room for construction of a Constitution outside of the words themselves, if they are unambiguous, and the rules as to the authority of contemporaneous exposition are unimportant in such cases.''

We must look to the authorities to determine whether the terms ''property'' and ''all property'' are of such doubtful meaning as to justify a resort to contemporaneous construction. In Bouvier's Law Dictionary, Rawle's Third Revision, vol. 2, p. 2750, it is said: ''The term 'property' embraces every species of valuable right and interest, including real and personal property, easements, franchises, and hereditaments.''

In 42 Am. Jur., sec. 3, p. 188: ''The words 'all property', as used in a statute, contract, or like instrument, are usually given a very comprehensive construction except where accompanied by a specific enumeration, in which instance the latter controls and limits such words.''

In 50 C. J., sec. 2, p. 729, it is said: ''The term 'property' is, in law, a generic term of extensive application. It is a term of large import, of broad and exceedingly complex meaning, of the broadest and most extensive signification, a very comprehensive word, and is the most comprehensive of all terms which can be used. The term is often called 'nomen generalissimum', and is employed to signify any valuable right or interest protected by law, and the subject matter or things in which rights or interests exist.''

On page 730 of the same work:

''* * * dictionaries, as well as courts, have given the term 'property' a well established and definite meaning. * * *

''* * * Thus the term is defined as any valuable right or interest considered primarily as a source or element of wealth, or any civil right of a pecuniary nature, or as an aggregate of rights which are guaranteed and protected by the government. * * * Thus, property means the right which a person has in relation to something, as distinguished from the thing itself; * * *.''

In Commonwealth v. Kentucky Distilleries & Warehouse Co., 143 Ky. 314, 136 S. W. 1032, 1037, the Court

said: "* * * 'property' as used in the revenue statute means everything of value that a person owns that is or may be the subject of sale or exchange or that when offered for sale will bring some price. And, so, any existing, enforceable, collectible demand that one person has against another person or against property upon which it is a lien, and out of which it can be collected, is property."

In the same case, quoting from 32 Cyc., p. 648, the author of the opinion states: " 'The term (property) is therefore said to include everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal, choses in action as well as in possession, everything which has an exchangeable value, or which goes to make up one's wealth or estate.' "

In Trimble v. City of Mt. Sterling, 12 S. W. 1066, 1067, 11 Ky. Law Rep. 727, the Court said: "The words 'personal property' mean money, goods, chattels, things in action, and evidences of debt."

We must next inquire whether the right of Mrs. Drake, as well as that of Mrs. Hikes, comes within the meaning of these universal definitions. These rights undoubtedly are such that have a relation to something in contradistinction to the thing itself. They are rights which may be enforced by an action at law, consequently they must be classified choses in action. In 42 Am. Jur., under the title "Property", sec. 26, p. 207, it is said: "A chose in action has been defined as a personal right not reduced into possession, but recoverable by a suit at law. * * * a thing of which one has not the possession or actual enjoyment, but only a right to or a right to demand by an action at law. * * * a chose in action more properly includes the right both of the thing itself and of the right of action as annexed to it. * * * Choses in action are personal property, * * *."

Thus, it will be seen that the right sought to be taxed in this instance, as well as that in the Hikes case, is a chose in action, which, according to all the authorities we have read, is personal property. Then the doubt or ambiguity which must exist as the basis for resorting to contemporaneous construction is not present when it is established that the right sought to be taxed is a chose in action. That being true, the very foundation

upon which the Court, in Button v. Hikes, supra, based its authority to resort to contemporaneous construction appeared as a myth, not as an actuality.

The Hikes opinion acknowledges the fact that "all property" includes Mrs. Hikes' right against the insurance companies, and therefore that the words used are not ambiguous; but it attempts to avert the consequences of such conclusion by declaring that it was not the intention of the Constitutional Convention to have the words so construed. But this reasoning runs afoul of the rules above quoted; and we repeat from 11 Am. Jur., sec. 78, p. 698: "There is no room for construction of a Constitution outside of the words themselves, if they are unambiguous, and the rules as to the authority of contemporaneous exposition are unimportant in such cases."

But if we were not bound by such rules, we think the Hikes decision to be erroneous, because it misinterpreted the construction placed upon the words by previous Legislatures and the Convention itself. We have read the Constitutional Debates on this subject; they commence on page 2372, and end on page 2844, of Volume 2 of the Debates. We will not quote from them at length; the sense of the Convention is contained in the following extracts:

By Delegate Rodes, p. 2437: "If you speak to a Frenchman about property, he will understand you as meaning land. In this country, however, we mean everything of value belonging to any person, and our aim is to reach for taxation every available species of property."

By Delegate Bennett, p. 2475: "Every kind and description of property in the Commonwealth that does not belong to the public ought to be compelled to contribute its share to the support of the Government, because all receive the same protection from the Government. And this is the only rule by which equal and exact justice may be done to all."

By Delegate Carroll, afterward Commissioner and Judge of this Court, at p. 2502: "There is, gentlemen, no question of sentiment or poetry or rhetoric in this tax question. It is a matter of dollars and cents. It is plain and practical. It affects every voter in the State

of Kentucky; and if it is true that every species of property ought to pay its just proportion of taxes for the support of the Government, it is plain that all property held and owned for private gain or profit ought to be required to contribute its just and equal proportion of the revenues for the protection it gets from the Government."

By Delegate Swango, p. 2539: "Every species of property that affords to man either comfort, revenue, pleasure, or the means of gratifying his pride, * * * no matter what it may be, whatever constitutes his wealth —that should be the measure of his taxation, exacted of all equally alike."

Amendments defining the word "property" were rejected, because of the fear that, by using a less comprehensive word, some species of property might be overlooked; and it was the desire of the Convention to exclude nothing except as specified in the Constitution itself.

Finally, the opinion in the Hikes case asserts that it was the intention of the Constitutional Convention to place the same construction on the word "property" as theretofore had been placed upon it by preceding Legislatures. We find no fault with that statement; but if that be true, the decision necessarily would have had to differ from the conclusion arrived at by the Court, because all of the Legislatures from 1851 to and after the Convention have included choses in action in the definition of the words "personal property". Carroll's 1938 Kentucky Code of Civil Practice, Sec. 732 (10 and 11), and all previous editions of the Civil Code of Practice.

We are now of the opinion that the decision in Button v. Hikes, supra, is erroneous, for which reason it is overruled. Having resolved that we may not resort to the doctrine of contemporaneous construction in determining the question, we are forced to the conclusion that the property is taxable under the provisions of Section 172 of the Constitution. But, in view of the previous uncertainty of the law on the subject, as shown by the opinions heretofore reviewed, and considering all the facts and circumstances, we are of the opinion that the rule pronounced in Franklin County Court v. Louisville & N. R. Co., 84 Ky. 59, 7 Ky. Law Rep. 810; Commonwealth, to Use of Marion County, v. Louisville & N. R.

Co., 89 Ky. 134, 9 S. W. 805, 12 Ky. Law Rep. 49; and Payne v. City of Covington, 276 Ky. 380, 123 S. W. 2d 1045, 122 A. L. R. 321, should be applied to the decision in this case. We therefore hold that this decision shall be given prospective effect only. For this reason alone, the judgment is affirmed.

Judge Sims dissenting.

As indicated in the dissent in the Helm case, 297 Ky. 803, 181 S. W. 2d 452, the majority at its first opportunity have overruled the Hikes case, 296 Ky. 163, 176 S. W. 2d 112, 150 A. L. R. 779. I am still of the opinion that the Hikes case is sound and that the Helm case is not, and for the reason given in my dissent in the Helm case, I now dissent from the majority opinion herein. However, I do agree with the majority that their decision should be given only prospective effect.