## Newman v. Dickson.

June 20, 1947.

Lawrence F. Speckman, Judge.

James W. Stites for appellant.

Eldon S. Dummit, Attorney General, Roy W. House, Assistant Attorney General; Maurine Sharp and Samuel Steinfeld for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

The appellant, Frances P. Newman, listed for taxation as of July 1, 1945, her present right to receive future income from a life insurance policy, and a tax bill in the amount of $311.93 was placed in the sheriff's hands for collection. She also listed the right for taxation as of July 1, 1946. Conceiving that the listing as of July 1, 1945, was not required by law, in view of certain decisions of this court and Chapter 39 of the Acts of 1946, now KRS 132.215, she brought this action against Rees H. Dickson, sheriff of Jefferson County, to enjoin him from collecting the tax bill. A demurrer to her petition was sustained, and she has appealed.

The court sustained the demurrer apparently on the ground that appellant had voluntarily listed the property for taxation and is therefore estopped to claim an exemption granted after the listing. Appellant contends that she should not be penalized for her good

faith in honestly listing her property in an effort to comply with the law, and that to compel her to pay the tax on property listed as of July 1, 1945, would violate the equal protection clause of the Fourteenth Amendment to the Federal Constitution and also section 172 of the Kentucky Constitution, which requires that all property in the same class be taxed at the same rate, since other owners of similar property who failed to list it as of July 1, 1945, cannot be compelled to list it and to pay a tax thereon provided they have listed it as of July 1, 1946. An understanding of the questions involved requires a brief resume of the decisions and legislation affecting this particular type of property.

In Commonwealth v. Sutcliffe, 283 Ky. 274, 140 S. W. 2d 1028, decided March 22, 1940, a trust had been created and the corpus of the trust fund, consisting of securities, was held by a New York trustee. The beneficiary of the trust, who was to receive the income from the trust fund for life, became a resident of Kentucky. It was held that the beneficiary was the holder of the equitable title, and that it was his duty to list his interest in the property and to pay the ad valorem tax thereon. In Button v. Hikes, 296 Ky. 163, 176 S. W. 2d 112, 150 A. L. R. 779, decided March 19, 1943, the Sutcliffe case was distinguished on the ground that the interest there held taxable arose out of the transmission by law of a recognized form of property, while in the Hikes case the right sought to be taxed was one arising under a life insurance policy. It was held that the interests created by life insurance policies had never been regarded as taxable property within the meaning of sections 171, 172, and 174 of our Constitution, and Mrs. Hikes was exonerated from the payment of ad valorem taxes on her interest in the estate arising out of the proceeds of her husband's life insurance policies. Under the opinion in the Hikes case, an interest arising under a life insurance policy, such as the interest of appellant in the present case, was not taxable. In Button v. Drake, 302 Ky. 517, 195 S. W. 2d 66, 70, the decision in Button v. Hikes was overruled, and it was held that the right to receive income from the proceeds of a life insurance policy is property within the meaning of section 172 of the Constitution and taxable. The opinion in Button v. Drake was handed down on June 22, 1945, but was withdrawn

before it became final and was handed down again on June 4, 1946, with the following extension: "We are now of the opinion that the decision in Button v. Hikes, supra, is erroneous, for which reason it is overruled. Having resolved that we may not resort to the doctrine of contemporaneous construction in determining the question, we are forced to the conclusion that the property is taxable under the provisions of Section 172 of the Constitution. But, in view of the previous uncertainty of the law on the subject, as shown by the opinions heretofore reviewed, and considering all the facts and circumstances, we are of the opinion that the rule pronounced in Franklin County Court v. Louisville & N. R. Co., 84 Ky. 59, 7 Ky. Law Rep. 810; Commonwealth, to Use of Marion County, v. Louisville & N. R. Co., 89 Ky. 134, 9 S. W. 805, 12 Ky. Law Rep. 49; and Payne v. City of Covington, 276 Ky. 380, 123 S. W. 2d 1045, 122 A. L. R. 321, should be applied to the decision in this case. We therefore hold that this decision shall be given prospective effect only."

In the meantime the General Assembly, at its 1946 session, had passed an act classifying the right to receive future income for tax purposes and providing that the owner of such right on July 1 of each year shall pay to the State alone a tax of five cents upon each $100 of the fair cash value of the right on the assessment date. Chapter 39, Acts of 1946, KRS 132.215. Section 3 of the Act provides: "(3) No action nor proceeding shall be commenced or maintained to assess for taxation for any period prior to July 1, 1946, for ad valorem tax purposes, the present value of the right to receive future income for a life or lives, or other indeterminate period, including the right to receive installment payments, even though for a determinate period, under the terms of a life insurance policy, payable by reason of the death of the insured, if such right has been listed for taxation as of July 1, 1946."

The Act became effective June 19, 1946. The appellant had listed her "right to installment payments under the terms of a life insurance policy" as of July 1, 1945, and later she listed the same property as of July 1, 1946. The listing as of July 1, 1945, was on the faith of this court's opinion in the Drake case first handed

down on June 22, 1945. However, under the subsequent extension of the opinion giving it prospective effect only, the owners of this species of property were not required to list it prior to July 1, 1946. It is appellee's contention that section 3 of Chapter 39 of the Acts of 1946 is merely a statute of limitation against an action to assess property for taxation and does not affect any proceeding to collect taxes, and since appellant voluntarily listed her property for taxation the statute has no application. It is also asserted that the statute is invalid. It is unnecessary to consider the statute since the opinion in Button v. Drake, supra, is controlling. Under the extension to that opinion giving it prospective effect only, the type of property owned by appellant was not taxable prior to the assessment date, July 1, 1946, and the fact that she honestly listed the property as of July 1, 1945, on the faith of the first draft of this court's opinion in the Drake case, does not preclude her from resisting collection of the tax. There is no element of estoppel. As a general rule a taxpayer who has listed property for taxation under a mistake, either of law or fact, may have the error corrected. The rule is stated thus in 51 Am. Jur., Taxation, section 667: "A mistake in a tax return does not preclude a taxpayer from showing the actual facts and from having his tax liability determined by correct principles of law applicable to such facts, where he acted in good faith and did not intend to mislead the taxing authorities." This rule was followed in Gray v. R. J. Reynolds Tobacco Company, 200 Ky. 47, 252 S. W. 134. Exoneration of appellant from payment of the tax affords her equal protection of the law by classifying her with all other owners of similar property.

The judgment is reversed with directions to overrule the demurrer to the petition and for further proceedings consistent herewith.