**J. E. LUCKETT et al., comprising the Kentucky Tax Commission, Commonwealth of Kentucky, Appellants,**

v.

**Mrs. E. B. FERGERSON, Appellee.**

Court of Appeals of Kentucky.

March 1, 1957.

Rehearing Denied June 7, 1957.

Jo M. Ferguson, Atty. Gen., Bradford T. Garrison, Frankfort, for appellants.

Herbert S. Melton, Jr., R. H. Schuette, Paducah, for appellee.

CULLEN, Commissioner.

The question is whether the property rights of Mrs. E. B. Fergerson in the proceeds of two life insurance policies on her deceased husband, which proceeds have been left on deposit with the insurance companies, are subject to the regular ad valorem tax rate on intangible property of 25 cents per $100 prescribed by KRS 132.020, or the special rate of 5 cents per $100 prescribed by KRS 132.215 on a "right to receive income."

The Department of Revenue ruled that the 25-cent rate applied, and this ruling was confirmed by the Kentucky Tax Commission. On appeal to the circuit court by Mrs.

Fergerson, judgment was entered setting aside the order of the tax commission, and adjudging that the 5-cent rate should apply. The tax commission has appealed from that judgment.

Mrs. Fergerson was the beneficiary of the two insurance policies, the total proceeds of which amounted to $42,460. Following the death of Mr. Fergerson, the proceeds were left with the companies under contracts by which the companies agreed to pay Mrs. Fergerson interest during her lifetime, and further agreed that Mrs. Fergerson could withdraw the entire principal upon request. The right to withdraw the principal was restricted only to the extent that one contract permitted withdrawal only on an interest-payment date, and the other contract permitted the company to defer payment of the withdrawal for six months after the request was made. The contract with one of the companies was the result of an option elected by Mr. Fergerson before his death, and the contract with the other company was the result of an option elected by Mrs. Fergerson after her husband's death.

The tax commission maintains that by virtue of the right to withdraw the entire principal, Mrs. Fergerson has more than a mere "right to receive income," and therefore the special 5-cent rate prescribed by KRS 132.215 does not apply.

The significant portion of KRS 132.215 is as follows:

"(2) To the extent that a present right to receive income from any source for a life or lives or other indeterminate period, including the right to receive installment payments, even though for a determinate period, under the terms of a life insurance policy, payable by reason of the death of the insured, may be held to be subject to assessment for ad valorem taxes, the owner * * * shall pay a tax to the state of five cents upon each one hun-

drcd dollars of the fair cash value
* * *"

This statute was enacted in 1946 and was an outgrowth of a series of decisions of this Court which culminated in Button v. Drake, 302 Ky. 517, 195 S.W.2d 66, 167 A.L.R. 1046.

Prior to the case of Button v. Hikes, 296 Ky. 163, 176 S.W.2d 112, 150 A.L.R. 779, there had never been any attempt in Kentucky to impose ad valorem taxes upon the rights of a life insurance beneficiary under a contract pursuant to which the proceeds of the policy were left on deposit with the company. The Hikes case involved an effort to tax the right of a beneficiary under a contract which gave to the beneficiary only the right to receive *interest* during her lifetime, with no right to withdraw the principal. This Court held that the right was not subject to taxation.

A short time later, in County Board of Tax Supervisors of Jefferson County v. Helm, 297 Ky. 803, 181 S.W.2d 452, there was presented the question of the taxability of the rights of a beneficiary who, in addition to the right to be paid interest during her lifetime, had the right to withdraw the entire principal. The Court distinguished the Hikes case, on the basis of the right to withdraw the principal, and held that the rights were taxable.

Two years later, in Button v. Drake, 302 Ky. 517, 195 S.W.2d 66, the question of taxability involved a contract under which the beneficiary was to receive a fixed monthly sum during her lifetime, payable out of both interest and principal, but with no right to withdraw the principal in a lump sum. The Court held the right of the beneficiary was taxable, and overruled the Hikes case.

The statute here in question, KRS 132.-215, was enacted while the Drake case was pending in this Court, and apparently was prompted, at least in part, by an anticipation of the holding in the Drake case. Another influencing factor, no doubt, was the deci-

sion in Commonwealth ex rel. Martin v. Sutcliffe, 283 Ky. 274, 140 S.W.2d 1028, in which this Court had held taxable the right of a person to receive income from a trust fund during his lifetime. The obvious purpose of the statute was to lessen the tax burden upon property that consists of a right to receive income.

Mrs. Fergerson maintains that there was an overall purpose to give special treatment to beneficiaries of life insurance policies, in accordance with a general public policy of protecting the dependents of deceased persons. It is true that the statute specifically mentions insurance policies, in connection with the right to receive "installment payments," but it is clear from a reading of the entire statute that the class of rights dealt with is the general class of rights "to receive income," in which class some insurance contracts happen to fall. The statute does not purport to be aimed primarily at insurance proceeds contracts, but rather at rights to receive income from whatever source.

The difficulty that is encountered in attempting to put Mrs. Fergerson's rights under KRS 132.215 is that she does not have merely a right to receive income, or a right to receive installment payments of principal and interest, but she has the absolute right to reduce to possession the entire principal or corpus. In the Helm case, 181 S.W. 2d 452, at page 453, we said:

"The rights of the beneficiary in the instant case are different. Here the beneficiary may call for payment of the whole sum and reduce it even to manual possession. She may subject it all to absolute disposition at will. Here is an insurance contract completely matured, payment only being suspended. Unlike the Hikes case, where the beneficiary had merely an interest in the profits of an insurance contract, the beneficiary here has a vested interest in the principal as well as in its profits. Here is a definite and certain chose in

action. There is no distinction to be drawn between the ownership of a promissory note maturing upon demand. It is conceded by the appellee that should she exercise the right to collect the principal, the money would be taxable in her hands or if placed to her credit in a bank. We think, like a time deposit, subject to withdrawal, the fund is now constructively in her possession."

We cannot find in the statute any indication of legislative intent that if a person chooses to lend his money to an insurance company, he will have the benefit of the 5-cent rate, whereas if he lends his money to any other borrower he must pay the 25-cent rate.

It is our opinion that the circuit court erred in holding that KRS 132.215 was applicable.

The judgment is reversed with directions to enter judgment affirming the order of the Kentucky Tax Commission.

STEWART and SIMS, JJ., dissenting.

SIMS, Judge (dissenting).

I am unable to concur in the majority opinion because I feel the framers of our Constitution never intended that life insurance policies or the proceeds thereof should be taxed while left in the hands of an insurance company. The reasons are fully set out in my dissent in County Board of Tax Supervisors of Jefferson County v. Helm, 297 Ky. 803, 181 S.W.2d 452. And as stated in my dissent in Button v. Drake, 302 Ky. 517, 195 S.W.2d 66, 167 A.L.R. 1046, I am of the opinion that Button v. Hikes, 296 Ky. 163, 176 S.W.2d 112, 151 A.L.R. 779, is sound and should not have been overruled in Button v. Drake.

I am authorized to say that Judge STEWART joins in this dissent.