**Kenneth Wayne QUIGGINS, Appellant,**

v.

**Sharon Kaye QUIGGINS, Appellee.**

Court of Appeals of Kentucky.

Sept. 3, 1982.

George K. Harris, Radcliff, for appellant.

Robert Littlefield, Legal Aid Soc., Elizabethtown, for appellee.

Before HAYES, C.J., and COOPER and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from findings of fact, conclusions of law, and judgment dissolving the marriage between the parties and dividing marital property. At issue is whether the trial court erred in determining that a worker's compensation settlement awarded to the appellant was marital property. On review, we affirm. CR 52.01.

The appellant, Kenneth Wayne Quiggins, and the appellee, Sharon Kaye Quiggins, were married on February 27, 1967, in Lebanon, Tennessee. Three minor children were born to this marriage. In May of 1980, the appellee filed a petition for dissolution of marriage. At that time, she was 36 years of age and employed with Kentucky Finance. The appellant was also 36 years old and employed as a cashier at Hardee's. At the time the petition was filed, the parties owned a home in Elizabethtown valued at $32,000. The appellant owned two $10,000 certificates of deposit representing the remaining balance on a worker's compensation settlement he received as the result of a 1975 injury.

In its findings of fact, conclusions of law, and judgment, the trial court awarded the appellee custody of the three minor children, child support, and the marital residence. Furthermore, although it awarded the certificates of deposit to the appellant, it found that such deposits "must be considered marital property." It is from such order and judgment that the appellant now appeals.

The issue presented on appeal—whether a worker's compensation award is to be considered as marital property—appears to be one of first impression in this jurisdiction. The trial court, while acknowledging that worker's compensation benefits are exempt from the claims of creditors (KRS 342.180), nevertheless held that once the form of compensation is changed and invested in other property, it becomes "property acquired by either spouse subsequent to the marriage ..." KRS 403.190(2); *Ball v. Smiddy*, Ky., 249 S.W.2d 715, 716 (1952) quoting *J.S. Merrell Drug Co. v. Dixon*, 131 Ky. 212, 115 S.W. 179, 180 (1909). The trial court's logic notwithstanding, the controlling factor here is neither the Worker's Compensation Act, nor the fact that the form of the settlement was changed, but rather KRS 403.190(2).

KRS 403.190(2) states as follows:

(2) For the purpose of this chapter, "marital property" means all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift, bequest, devise, or descent;

(b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(c) Property acquired by a spouse after a decree of legal separation;

(d) Property excluded by valid agreement of the parties; and

(e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during the marriage.

Under Section (2) of the statute, all property is to be considered marital property unless it falls within one of the enumerated exceptions. There is no exception for property acquired by way of a worker's compensation settlement.

In *Lukas v. Lukas*, 83 Ill.App.3d 606, 39 Ill.Dec. 161, 404 N.E.2d 545 (1980), the Illinois Appellate Court, First District, construed its own marital property statute in determining that a worker's compensation settlement was to be considered as marital property. Section 503(a) and (b) of the Illinois Dissolution Act (Ill.Rev.Stat.1977, Chapter 40), defines marital property similarly to KRS 403.190. Under the Illinois Act, marital property is defined thusly:

(a) For purposes of this Act, "marital property" means all property acquired by either spouse subsequent to the marriage, except the following, which is known as "non-marital property":

(1) property acquired by gift, bequest, devise or descent;

(2) property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(3) property acquired by a spouse after a judgment of legal separation;

(4) property excluded by valid agreement of the parties;

(5) the increase in value of property acquired before the marriage; and

(6) property acquired before the marriage.

(b) All property acquired by either spouse after the marriage and before a judgment of dissolution of marriage or declaration of invalidity of marriage is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property. The presumption of marital property is overcome by a showing that the property was acquired by a

method listed in subsection (a) of this Section.

In *Lukas, supra,* the parties had been married for over 25 years. Four years prior to their separation, the husband received a lump sum worker's compensation award totaling nearly $12,000. In ruling that such payments were to be considered marital property, the appellate court stated as follows:

A workmen's compensation award paid out to and received by an injured employee during his marriage is not property acquired by gift, bequest, devise or descent or property acquired in exchange for such property (Ill.Rev.Stat.1977, Ch. 40, par. 503(a)(1), (a)(2)), and thus does not fall into the category of non-marital property which cannot be allocated between the spouses. Nor can it be considered non-marital property under the definitions set forth in Section 503(a)(3) through (a)(6) of the Dissolution Act. (Ill.Rev.Stat.1977, Ch. 40, par. 503(a)(3)–(a)(6). Accordingly, it is clear that the workmen's compensation award, to the extent that it accrued and was actually paid over to the injured employee during the marriage, is marital property that is allocable in accordance with the standards set forth in the Dissolution Act. Ill.Rev.Stat.1977, Ch. 40, par. 503.

We find no workmen's compensation award exemption under Section 503(a) (Ill.Rev.Stat.1977, Ch. 40, par. 503(a)(1)–(a)(6). The husband's assumption that the workmen's compensation award paid out to him is in some manner outside the bounds of the statutory provision is not well taken.

*See also* In re the *Marriage of Thomas,* 89 Ill.App.3d 81, 44 Ill.Dec. 430, 411 N.E.2d 552 (1980).

In 2, *Larson's Workmen's Compensation Law,* § 58.47, Professor Larson cites the trend of various jurisdictions toward allowing compensation awards to be reached for the benefit of a spouse and children:

More recently, however, there has developed a trend toward allowing compensation to be reached for the benefit of

persons, such as wives, children, or ex-wives, that the employee has in any event an obligation to support. New Jersey adopted this course in 1967 in the case of *Steller v. Steller* [97 N.J.Super. 493, 235 A.2d 476]. 19.1. Claimant was divorced from his wife, and was under court order to pay support for her and his children. Claimant's compensation benefits were held to be reachable to satisfy the support claim of the wife and children, even though by statute the benefits were not assignable and were exempt from claims of creditors. The court drew a distinction between the claims of a wife and children, on the one hand, and ordinary creditors with claims grounded in contract and tort, on the other. It rested its decision on a line of cases involving pensions, saying, "As related to the needs of a wife and children, we see no distinction in principle between pensions and workmen's compensation." 19.2. Four years later, Oregon found similar policy grounds adequate to enable it to overcome similar statutory obstacles in *Calvin v. Calvin* [6 Or.App. 572, 487 P.2d 1164]. 19.3. Claimant failed to make child support and alimony payments, and his ex-wife sought to garnish compensation benefits due him. Despite a statutory provision exempting benefits from garnishment, the court held that since workmen's compensation was to provide support for both the injured workman and his dependents, it was illogical to prevent the money from being used for the support of dependents, and therefore garnishment was permitted in this type of situation. *Id.* at pp. 10–399 and 10–440.

Although it may appear inequitable to allow a spouse to reach a husband's worker's compensation settlement—especially where that settlement may represent future earnings past the date of legal separation—the language of KRS 403.190(2) dictates the result reached here today. In enacting its no-fault divorce statute, the Kentucky General Assembly specifically excluded certain kinds of property from the category of "marital property." Workmen's compensation benefits, in the form of

either a settlement or ongoing benefits, were not excluded. As such, there was a legislative intent not to exclude such benefits. *Barrett v. Stephany,* Ky., 510 S.W.2d 524 (1974); *Smith v. Wedding,* Ky., 303 S.W.2d 322 (1957).

 Finally, the appellant argues that the trial court erred in its division of the marital property given the guidelines set forth in KRS 403.190. We disagree. That statute does not dictate that marital property be divided equally. Rather, it states that the trial court "shall divide the marital property in just proportions considering all relevant factors . . ." In *Herron v. Herron,* Ky., 573 S.W.2d 342 (1978), the Supreme Court expressly rejected the notion of presumptions in the division of marital property. The trial court's findings with respect to the division of marital property will not be disturbed unless shown to be clearly erroneous. *Johnson v. Johnson,* Ky.App., 564 S.W.2d 221 (1978). Here, there was no showing of clear error. As such, the trial court's findings must be upheld.

The judgment of the trial court is affirmed.

All concur.