**Opal Ruth Mable MOSLEY, Appellant,**

v.

**Edwin Fred MOSLEY, Appellee.**

Court of Appeals of Kentucky.

Jan. 4, 1985.

Steven D. Gold, Sheffer, Hoffman, Neel & Wilson, Henderson, for appellant.

Thomas E. Simpson, Wesley & Simpson, Morganfield, for appellee.

Before COMBS, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

Opal Mosley appeals from a portion of the decree dissolving her marriage with Edwin Mosley, which held that she had no marital interest in his ongoing workers' compensation award and that she was not entitled to receive maintenance. We conclude that ongoing workers' compensation benefits, which have not been received prior to the dissolution of the marriage, are not marital property subject to division. We further determine that the trial court did not abuse its discretion in denying Opal maintenance. Therefore, we affirm the decree.

The parties were married for approximately 45 years. At the time the marriage was dissolved, Edwin was 65 and Opal was 60 years of age. Practically all of the real and personal property belonging to the parties was determined to be marital. All such property was divided equally between the parties after all costs and attorney fees were paid. We are advised that the real property sold for approximately $40,000 and that there was a $25,000 certificate of deposit plus various other items of personal property including vehicles which were sold and divided equally.

The trial court concluded that Edwin's United Mine Workers pension was marital property and ordered that it be divided equally for future payments. However, the court further concluded that future payments for Edwin's workers' compensation black lung benefits were not marital property and would accumulate only for Edwin's benefit. The court also determined that Opal was not entitled to maintenance.

Opal first argues that Edwin's entitlement to the workers' compensation award occurred during the marriage and that it should be considered as marital property. She cites KRS 403.190(2), which indicates that marital property is all property acquired by either spouse subsequent to the marriage with certain exceptions, none of which are applicable in this situation. She also cites *Johnson v. Johnson*, Ky., 638 S.W.2d 703 (1982), and *Quiggins v. Quiggins*, Ky.App., 637 S.W.2d 666 (1982), which held that certain workers' compensation benefits were marital property. None of these authorities are dispositive of this case, however. *Johnson* and *Quiggins* involved lump-sum awards which were received by the claimant prior to the dissolution of the marriage. In this situation, Edwin received approximately $22,000 in back pay for his black lung benefits, and such payment was included in the marital estate. The question we must decide, however, is the status of the future payments which will accrue and be made after dissolution.

A workers' compensation award differs from a pension. A pension accrues while one is working and, to the extent that it has accrued and is vested prior to the dissolution of a marriage, it must be considered with the marital estate. Workers' compensation benefits are based on something that happened while one was employed and, although the event may have occurred during the time of the marriage, the compensation is awarded to replace the injured or diseased employee's loss of ability to work in the future. The benefits are not earned as compensation for working; they are paid to assist workers who will have diminished future earnings due to a work-caused injury or disease. Payments that are received, or weekly benefits that have actually accrued but have not yet been paid as of the date of the dissolution of the marriage, are to be included as marital property, just as earned income. But, payments which accrue and are paid after the dissolution of the marriage are not part of the marital property any more than the worker's future earnings would be. Compensation benefits, together with other income of a spouse, may be considered when determining what, if any, maintenance to award to the other spouse, but the nonworking spouse is not entitled to any specific portion of the future income from the worker's disability compensation.

Opal next argues that the trial court erred by failing to award her maintenance. KRS 403.200(1) provides that the trial court may grant maintenance to either spouse only if it finds the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. If either factor is satisfactorily met, maintenance need not be granted. *Carter v. Carter*, Ky.App., 656 S.W.2d 257 (1983).

Our review is limited to a consideration of whether the trial court considered the statutory factors and whether it abused its discretion in denying maintenance. The trial court specifically stated that its action was taken pursuant to the provisions of Chapter 403, and we cannot say that this case presents a clear abuse of discretion. Edwin is totally disabled, and Opal is not. The parties divided everything equally, including Edwin's U.M.W.A. pension, and the parties' social security benefits are also subject to division. We cannot say that the court's failure to award maintenance constitutes error.

The judgment of the Union Circuit Court is affirmed.

LESTER, J., concurs.

COMBS, J., dissents with separate opinion.

COMBS, Judge, dissenting.

I respectfully dissent from the majority opinion, and would hold that appellee's workers' compensation award was marital

property to which appellant would be entitled to share.

Appellee became disabled and received a total-permanent disability award during his marriage to appellant. It is true that most of the bi-weekly payments will be payable after the dissolution of the marriage. However, his right to receive these benefits became vested during the marriage, just as much as would have his right to receive retirement benefits which became vested during the marriage. To distinguish this factual situation from retirement income or from lump sum compensation payments is a distinction without a difference.