Debra L. WEAKLEY, Movant,

v.

Don E. WEAKLEY, Respondent.

Vicky Renee WHITE, Movant,

v.

Timothy Ray WHITE, Respondent.

Supreme Court of Kentucky.

June 11, 1987.

Thomas B. Givhan, John E. Spainhour, Shepherdsville, for movant Debra L. Weakley.

Joseph J. Wantland, Shepherdsville, for respondent Don E. Weakley.

David F. Broderick, David W. Anderson, Cole, Harned & Broderick, Bowling Green, for movant Vicky Renee White.

Ralph Beck, Brad Coffman, Bowling Green, for respondent Timothy Ray White.

VANCE, Justice.

We have accepted discretionary review in the two captioned cases to consider further the question of whether personal injury awards to a married person should be considered as marital or as nonmarital property in the event of a dissolution of the marriage.

In the case captioned Weakley v. Weakley, Debra Weakley was injured during her marriage. While she was still married she settled her claim for damages for $6,791.00. The settlement was for pain and suffering only, and did not include any compensation for property damage, medical expenses, or lost wages.

The trial court held that the proceeds were marital property. The Court of Appeals affirmed.

In the captioned case White v. White, Timothy White was injured before he was married. His claim for damages was settled after his marriage. It included $15,379.32 for past medical expenses and $12,400.00 for future medical expenses, $1,500.00 for loss of income, and $50,000.00 for past and future pain and suffering and permanent impairment of earning capacity. The trial court held the net benefits of the settlement to be marital property. The Court of Appeals reversed the trial court.

K.R.S. 403.190(2) provides:

"For the purpose of this chapter, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

"(a) Property acquired by gift, bequest, devise, or descent;

"(b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

"(c) Property acquired by a spouse after a decree of legal separation;

"(d) Property excluded by valid agreement of the parties; and

"(e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage."

Money received as damages for a personal injury is not one of the enumerated exceptions to the definition of marital property set forth in K.R.S. 403.190(2). Consequently, it is argued here that the statute should be construed strictly as written, and that money received by either party to a marriage during the marriage as damages for personal injuries should be held to be marital property.

We are also cited to *Johnson v. Johnson*, Ky., 638 S.W.2d 703 (1982) and *Quiggins v. Quiggins*, Ky.App., 637 S.W.2d 666 (1982) which held that lump-sum settlements of workers' compensation claims to be marital property. However, in *Mosley v. Mosley*, Ky.App., 682 S.W.2d 462 (1985), compensation payments due to a worker following the dissolution of marriage were held to be individual property of the worker, not subject to division as marital property.

The workers' compensation cases differ materially from tort cases in which recovery is obtained for personal injury. The award in workers' compensation cases is limited to recovery for disability and medical expenses, while in tort cases an additional element of recovery for damage is allowed for pain and suffering.

We think also that a distinction must be made in cases in which the personal injury occurred before the marriage as contrasted with those cases in which the injury occurred during the marriage.

When the injury occurs during the marriage, the recovery allowable for loss of wages and permanent impairment of the power to earn money is, in many respects, similar to a workers' compensation award. It is a replacement for the ability of the injured party to earn money that otherwise would have been earned during the marriage. Both the injured party and the spouse of the injured party had an expectation that those earnings would have continued but for the injury. Loss, during the marriage, of ability to earn money which otherwise would have been earned during the marriage is a loss to the marital estate.

■ To the extent that a personal injury award for loss of earnings and permanent impairment of ability to earn money is applicable to the years while the marriage existed, it is marital property. To the extent that the award can be prorated to the remaining years of life expectancy following the dissolution of the marriage, it is nonmarital.

However, any portion of the recovery which constitutes damages for pain and suffering must stand on a different footing because it is in no sense the replacement of earnings that otherwise would have accrued during the marriage.

As a matter of fairness it does not seem right that upon the dissolution of the marriage one of the parties should be rewarded because the other party had the misfortune to suffer painful injuries as a result of an accident. The law does not require such a result.

Even when the injury occurs during the marriage, the injured party, prior to marriage, was free of the pain for which damages are awarded. The pain-free physical condition which existed before the marriage is exchanged for a condition burdened with pain. We consider K.R.S. 403.-190(2) applicable, and hold that as to pain and suffering resulting from an injury sustained during the marriage, the injured party has simply exchanged property acquired before the marriage, i.e., good health, free from pain, for the money received as compensation for the loss.

Similar results have been reached in other states. In *Van de Loo v. Van de Loo,* Minn.App., 346 N.W.2d 173 (1984), the court stated:

"If the personal injury recovery monies are determined to be an exchange or a replacement for property acquired before marriage, i.e., the person's good health, it is nonmarital property. If the personal injury recovery monies replace property acquired during the marriage or which would have been acquired during the marriage, i.e., replacement of lost wages, it is marital property."

*Id.* at 176.

In *Campbell v. Campbell,* 255 Ga. 461, 339 S.E.2d 591 (1986), the court stated:

"An analysis of the question presently before us begins with an understanding of the purpose behind the doctrine of equitable division of property. This purpose is to assure that property accumulated during the marriage be fairly distributed between the parties.... The property which we have found to be out-

side the marital estate is property which is very personal to the party to whom it belongs and property which in no sense is generated by the marriage. A personal injury claim settlement, to the extent that it represents compensation for pain and suffering and loss of capacity is peculiarly personal to the party who receives it. For the other party to benefit from the misfortune of the injured party would be unfair...."

*Id.* 339 S.E.2d at 593.

■ When a personal injury occurs before the marriage, we hold that the entire compensation received therefor is nonmarital, and this is true regardless of when the judgment or settlement is obtained or whether the recovery is for the loss of wages, replacement of earning capacity, or pain and suffering. In either situation the recovery is a compensation for a loss which existed before the marriage, one in which a future spouse is not entitled to share. The future spouse takes the injured person in the condition which obtains on the date of the marriage. A person and his spouse can reasonably anticipate that his earning capacity will continue during his marriage, absent an injury, but there is no such reasonable expectation on the part of a person who is injured before his marriage. This court is of the opinion that one who marries a person already disabled by injury is not entitled to share in any recovery received as damages resulting from the injury under the theory that the compensation received is marital property.

We do not attempt to decide here the proper procedure for the allocation between marital and nonmarital property of a personal injury award for an injury sustained during the marriage where the settlement or judgment does not indicate what portion of the award applies to earning capacity and what portion is allocated to pain and suffering.

In Debra L. Weakly v. Don E. Weakley, NO. 86–SC–395–DG, we find no abuse of discretion of the trial court in the evaluation of the marital property or in the refusal to make allowance for costs of the eventual sale of property allocated to Debra.

Likewise, we find no error in the refusal to allow an attorney's fee to Debra Weakley's attorney.

■ The holding that the money Debra recovered in a law suit as damages for pain and suffering was marital property is erroneous.

The judgment and the opinion of the Court of Appeals is affirmed in part and reversed in part and remanded for the entry of a judgment consistent with this opinion.

■ In Vicky Renee White v. Timothy Ray White, NO. 86–SC–558–DG, for the reasons stated herein, the opinion of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, LAMBERT, STEPHENSON, VANCE, and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by attached opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent from so much of the majority opinion as holds that the personal injury award to Debra Weakley for pain and suffering from an injury sustained during marriage is not marital property.

The majority opinion has classified this award as nonmarital "[a]s a matter of fairness." However, we have previously decided that the statute, KRS 403.190(2), controls what property shall be classified as marital or nonmarital, and that the fairness doctrine is not germane to the determination. *Stallings v. Stallings*, Ky., 606 S.W.2d 163 (1980). If we abandon this approach to classifying property as marital or nonmarital for purposes of divorce, the alternative is chaos, because, more often than not, the concept of "fairness" in divorce cases is almost totally subjective.

A cause of action for damages for personal injury is nothing more than a chose in action. See definition of "chose in action," Black's Law Dictionary, 5th ed. It is a valuable right which may be reduced to money damages, and as such it is a form of property acquired as of the date of the injury. "Choses in action are personal property." *Button v. Drake*, 302 Ky. 517, 195 S.W.2d 66, 69 (1946).

The cause of action for pain and suffering from personal injury is property of a different nature only in that its ultimate value depends on how long and how serious the pain and suffering caused by the injury shall extend, and in this respect it is divisible between pain and suffering that shall accrue during the marriage and pain and suffering that shall accrue after the marriage is terminated. This should be the line of division in deciding which portion of the chose in action is marital and which is nonmarital, just as it should be in the case of a claim for future disability in workers' compensation, or a claim for permanent impairment of earning power in a tort action.

KRS 403.190(2) provides the sole authority for deciding what is, or is not, marital property. It defines marital property as "all property acquired by either spouse subsequent to the marriage," with certain specified exceptions. The majority opinion has conceded that "[m]oney received as damages for a personal injury is not one of the enumerated exceptions." Consequently, we should have no choice but to treat this chose of action as marital property to the extent that it is a claim related to the period of coverture, as with all other property.

In this case the trial judge treated the chose in action, the claim for pain and suffering, as marital property. There was no proof offered that any portion of the award related to future pain and suffering extended beyond the period of coverture. Absent such proof, the trial judge's decision should be affirmed.