**Catherine CUMMINGS**

v.

**Daniel CUMMINGS.**

Supreme Judicial Court of Maine.

Argued March 11, 1988.
Decided May 3, 1988.

N. Laurence Willey, Jr., Laurie Anne Miller (orally), Brewer, for plaintiff.

Carl D. McCue (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Plaintiff, Catherine Cummings, appeals from an October 19, 1987, judgment of the Superior Court (Penobscot County), concluding that the entitlement of the Defendant, Daniel Cummings, to a lump-sum workers' compensation award was nonmarital property and was, therefore, unavailable for equitable distribution in the parties' divorce proceeding. We affirm that judgment.

The parties were married on December 24, 1984. About two months later the husband suffered a work-related injury for which he was awarded workers' compensation benefits. He was still receiving such weekly benefits when, in June, 1986, the wife entered her complaint for divorce in District Court (Bangor) on the grounds of irreconcilable differences.

In its judgment decreeing a divorce the District Court found that there was a reasonable probability that in the near future the husband would negotiate a lump-sum settlement of his claim for workers' compensation, and that such an award would be marital property. The court then granted each party 50 percent of any lump-sum workers' compensation settlement that the husband might receive in the future as the result of his injury during their marriage.

On the husband's appeal from that judgment, the Superior Court held that the divorce court erred in characterizing the potential lump-sum award of workers' compensation as marital property and in the event of a future settlement that the entire sum be set aside to the Defendant as nonmarital property. Thereupon the wife filed a motion to amend the judgment, asserting that on October 21, 1987, the husband had presented a $75,000 lump-sum settlement to the Workers' Compensation Commission for approval. When her motion was denied, the wife filed this appeal from the Superior Court's judgment of October 19, 1987, asserting that that intermediate appellate court had erred in concluding that

she had no marital interest in the husband's entitlement to a lump-sum workers' compensation award. Because the parties were married when her husband was injured, the wife argues that his entitlement to a lump-sum settlement accrued during the marriage and was, therefore, marital property.

■ It is well established that property acquired by either spouse during the marriage is presumed to be marital property. 19 M.R.S.A. § 722–A(3) (1981); *Cushman v. Cushman*, 495 A.2d 330, 334 (Me.1985); *Moulton v. Moulton*, 485 A.2d 976, 978 (Me.1984). In order to invoke this presumption, however, the property being characterized as marital must have been acquired during the marriage.

Workers' compensation benefits are awarded an injury that was sustained while one was employed and, although that event may have occurred during the period of the marriage, the compensation is awarded to replace the injured employee's loss of ability to work in the future. 39 M.R.S.A. § 54 (Pamph.1987); *Leo v. American Hoist & Derrick Co.*, 438 A.2d 917, 922 (Me.1981); *Levesque v. Shorey*, 286 A.2d 606, 609 (Me. 1972); *Mosley v. Mosley*, 682 S.W.2d 462, 463 (Ky.Ct.App.1985); *Bugh v. Bugh*, 125 Ariz. 190, 192, 608 P.2d 329, 331 (Ct.App. 1980). Such payments are not earned as compensation for working but are paid to aid workers who will have diminished future earnings due to a work-caused injury or disease. Because this loss of earning capacity during marriage relates to the earning power of the community, payments that are received or weekly benefits that have actually accrued but have not yet been paid as of the date of the dissolution of the marriage, are to be included as marital property, just as earned income. *Mosley v. Mosley*, 682 S.W.2d at 463; *Bugh v. Bugh*, 125 Ariz. at 193, 608 P.2d at 332; *Hicks v. Hicks*, 546 S.W.2d 71, 73 (Tex.Civ. App.1976). *See also* 19 M.R.S.A. § 722–A(2) (1981).

However, workers' compensation awards paid after the marriage has been dissolved is compensation for wages that otherwise would be earned by and paid to the injured

worker during the period after marriage that the worker was disabled. Therefore, benefits that accrue and are paid after the termination of the marriage are no more a part of the marital property than are the worker's future earnings. 19 M.R.S.A. § 722–A(3) (1981); *Mosley v. Mosley*, 682 S.W.2d at 463; *Bugh v. Bugh*, 125 Ariz. at 192–93, 608 P.2d at 331–32; *In re Marriage of McDonald*, 52 Cal.App.3d 509, 512, 125 Cal.Rptr. 160, 162 (1975). *See generally*, Note, *In Sickness and In Health? Disability Benefits as Marital Property*, 24 J.Fam.L. 657, 667 (1986). Moreover, the circumstance that these future payments are made in a single, lump-sum award does not alter the fact that the award compensates for lost earnings that have accrued after the dissolution of the marriage; therefore, the award is a nonmarital asset. *See* 39 M.R.S.A. § 71 (Pamph.1987); 19 M.R.S.A. § 722–A(3) (1981); *Leo v. American Hoist & Derrick Co.*, 438 A.2d at 922.

■ The wife next argues that she is entitled to a portion of the workers' compensation award because the lump-sum award may include compensation for items other than lost future earnings. While awards of workers' compensation may include reimbursement for medical and traveling expenses that have been initially paid by the injured worker, in the case presently before us there is no evidence that this Defendant's lump-sum award will include compensation for anything other than future lost earnings. 39 M.R.S.A. §§ 52 & 54 (Pamph.1987). Because the compensation award is property acquired after the dissolution of the marriage, the marital presumption does not apply. 19 M.R.S.A. § 722–A (1981). Consequently, it is burden of the wife, as the party asserting that the award is marital, to establish that the lump-sum includes, in part, reimbursement for an expenditure of marital assets. Having neglected to present any evidence on the issue, the wife has failed to prove her case.

In sum, the Superior Court correctly set aside to the husband as nonmarital property the entire lump-sum settlement of his claim for workers' compensation.

The entry is:

Judgment affirmed.

All concurring.