James D. REEVES, Appellant,

v.

Deborah L. REEVES, Appellee.

No. 87–CA–1496–S.

Court of Appeals of Kentucky.

May 6, 1988.

Rehearing Denied July 15, 1988.

Thomas R. Nienaber, E. Andre' Busald, Florence, for appellant.

Anne P. McBee, Burlington, for appellee.

Before COMBS, CLAYTON and DYCHE, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Campbell Circuit Court entered in an action for dissolution of marriage between the parties. Specifically, appellant contests the court's division of his award for injuries in his claim under The Jones Act.

The parties' marriage was brief, having lasted only nineteen months. They had been married a scant six weeks when appellant was injured on board a tug boat during the course of his employment. He filed a claim under The Jones Act and settled the claim for $175,000. That award was reduced to $107,500 after payment of medical expenses, case costs, and attorneys' fees.

Appellant voluntarily paid the appellee $7,500. The trial court awarded the appellant $50,000, and the appellee twenty-five percent of the $107,500. The court placed in escrow $50,000 pending the outcome of this appeal.

Appellant cites this court to *Weakley v. Weakley*, Ky., 731 S.W.2d 243 (1987) (Lambert, J., dissenting), for the proposition that the portion of his award that was in consideration for his pain and suffering is non-marital, and excludes disposition to his ex-wife. However, the court in *Weakley* was working under different facts. Here we do not know what portion of appellant's award was to be considered as payment for pain and suffering. The *Weakley* court said:

> We do not attempt to decide here the proper procedure for the allocation between marital and non-marital property of a personal injury award for an injury sustained during the marriage where the settlement or judgment does not indicate what portion of the award applies to earning capacity and what portion is allocated to pain and suffering.

*Weakley, supra* at 245.

Thus, *Weakley* is not our guide here. ■ The statute controlling the disposition of property in a dissolution of mar-

riage is KRS 403.190. Property is presumed to be marital. The presumption is countered by five exceptions, none of which are pertinent here. Thus we conclude that the award is marital property.

Marital property is to be divided in just proportions considering all relevant factors including:

    (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

    (b) Value of the property set apart to each spouse;

    (c) Duration of the marriage; and

    (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

KRS 403.190(1)(a)–(d).

■ The appellee did nothing to contribute to the acquisition of the award. There was very little property to be divided other than The Jones Act award. The duration of the marriage was only nineteen months, and the parties had been separated the last six of those. Appellant is now totally disabled, while the appellee is able-bodied. There were no children of the marriage.

We hold that any disposition of the award to the appellee above the $7,500 voluntarily paid to her would be an abuse of discretion under the statute.

The judgment of the Campbell Circuit Court is hereby reversed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

CLAYTON, J., concurs.

DYCHE, J., dissents.