Barbara A. JESSEE, Appellant,

v.

Christopher J. JESSEE, Appellee.

No. 93-CA-474-MR.

Court of Appeals of Kentucky.

Aug. 26, 1994.

Bruce W. Singleton, Somerset, for appellant.

Robert E. Gillum, Somerset, for appellee.

Before LESTER, C.J., and COMBS and JOHNSON, JJ.

## OPINION

LESTER, Chief Judge.

This is an appeal from a judgment of the Pulaski Circuit Court in the dissolution of marriage action between Barbara Jessee and Christopher Jessee. Barbara takes issue with the trial court's finding concerning black lung benefits.

The parties were married on April 28, 1984, in Virginia. At the time the couple wed, Christopher was no longer working in the coal mines and was in the process of attempting to obtain workers' compensation benefits for black lung disease. He tried for approximately twelve years, and finally in October 1986, Christopher received a lump-sum award in the amount of $74,633.50. Thereafter a house and furnishings were purchased and the parties and Christopher's disabled son resided therein.

The couple separated on January 13, 1992, and the following January the trial court entered findings of fact and conclusions of law and dissolved the marriage. The trial court found that Chris' workers' compensation claim related back to 1974 and covered a period from 1974 to 1986 and that the lump sum Chris received in 1986 was for "back pay." The court added that from 1986 on Chris receives a monthly black lung compensation payment. In 1986 the parties purchased a home for $37,500. The purchase money came from the lump-sum settlement. The house and any items of personal property that were purchased with money from the

settlement were determined to be non-marital property. The trial court cited as authority KRS 403.190(2); *Quiggins v. Quiggins,* Ky.App., 637 S.W.2d 666 (1982); *Johnson v. Johnson,* Ky., 638 S.W.2d 703 (1982); *Mosley v. Mosley,* Ky.App., 682 S.W.2d 462 (1985); and *Weakley v. Weakley,* Ky., 731 S.W.2d 243 (1987). It distinguished *Quiggins* and *Johnson* and noted that in *Weakley,* the Court held that, "'to the extent that a personal injury award for loss of earning and permanent impairment of ability to earn money is applicable to the years while the marriage existed, it is marital property.' Otherwise, 'it is nonmarital.'" The trial court concluded "that the bulk of the settlement is non-marital because it accrued prior to the existence of the marriage." It further held that KRS 403.190(2)(b) was applicable even though the Kentucky Appellate Courts have not so construed it. The trial court found that before the parties married, Chris owned property in the form of a claim for workers' compensation and after the marriage the claim was exchanged for cash and a portion of the cash was exchanged for the house and lot and several items of personalty.

■ Now on appeal Barbara argues that the trial court erred in finding a lump-sum black lung benefit payment paid after marriage to be non-marital. She asserts that it was marital property and accordingly that all purchases which resulted from the money are likewise marital property. Appellant maintains that the trial court improperly relied upon *Weakley, supra,* a case which involves a personal injury award. Barbara points out that *Weakley* recognizes that workers' compensation and black lung cases "differ substantially" from tort recovery cases; she claims that the trial court should have followed *Johnson* and *Quiggins.* At the very least Barbara contends that she is entitled to that portion of the money which covers the period that they were married, from May 1, 1984, to December 31, 1986.

KRS 403.190(2) provides:

For the purpose of this chapter, "marital property" means all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift, bequest, devise, or descent;

(b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(c) Property acquired by a spouse after a decree of legal separation;

(d) Property excluded by valid agreement of the parties; and

(e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage.

While this Court is well aware of the several marriage dissolution cases involving workers' compensation benefits, we are of the opinion that none of them controls the facts at hand. "Workers' compensation benefits are based on something that happened while one was employed and, although the event may have occurred during the time of the marriage, the compensation is awarded to replace the injured or diseased employee's loss of ability to work in the future." *Mosley, supra,* at 643. Having stated that, the Court in *Mosley* held that payments that were received or that have accrued as of the date of dissolution are to be included as marital property, just as earned income; however, payments which accrue and are paid after the marriage dissolution are not marital property. On the other hand, the Courts in *Johnson* and *Quiggins* found that lump-sum awards were marital property. Although it is not clear in *Johnson,* the *Quiggins* opinion explains that the couple was married for approximately eight years at the time of injury and were still married at the date of settlement. To the contrary, the parties herein were not married until ten years after Chris' impairment. Hence, he entered into the marriage with his unsettled workers' compensation claim. Two years after the parties' marriage Chris received a lump sum which both parties agree constituted back pay. With that in mind, we agree to a certain extent with the trial court's comparison of this case to that in the *Weakley* decision. There is no specific exemption for personal injury awards in KRS 403.190(2); nevertheless, the Supreme Court in *Weakley* found that when a personal injury occurs before the marriage the entire

compensation is nonmarital. "... The recovery is a compensation for a loss which existed before the marriage, one in which a future spouse is not entitled to share. The future spouse takes the injured person in the condition which obtains on the date of the marriage." *Id.,* at 245. Chris' workers' compensation claim dates back to 1974. Barbara married Chris ten years later and from the record it appears she was very aware of his claim. In other words she took Chris in the condition he was in on the date they married.

█ The lump-sum settlement Chris received was for "back pay" from a period of time before he was married. Because we find this situation to be similar to that in *Weakley,* we are of the opinion that the portion of money which represents the years that Chris was not married to Barbara is nonmarital and any personalty which was purchased with that money is likewise nonmarital provided it can be properly traced. However, we are unwilling to find that the entire $74,633.50 was nonmarital. Because this is a workers' compensation settlement and not a personal injury settlement we are of the opinion that the portion of the award which represents those years that the parties were married is marital. As the Court said in *Mosley,* workers' compensation is to "replace ... loss of ability to work in the future." The future includes those years that he was married to Barbara and to that extent a portion is marital. Nevertheless it should also be noted that marital property is to be divided in just proportions considering the relevant factors in KRS 403.190(1)(a)–(d). *See, Reeves v. Reeves,* Ky.App., 753 S.W.2d 301 (1988). Hence, upon remand the trial court should not automatically prorate the settlement based upon the years that the parties were married. KRS 403.190(1) should not be ignored.

The trial court's judgment is affirmed in part and reversed in part and remanded for entry of a judgment consistent with this opinion.

All concur.