**Tim DAY, Appellant,**

v.

**Shannon DAY, Appellee.**

**No. 2008–CA–000133–MR.**

Court of Appeals of Kentucky.

Dec. 11, 2009.

Joseph M. Schulte, Covington, KY, for appellant.

No appellee brief filed.

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Before LAMBERT and VANMETER, Judges; HARRIS,[1] Senior Judge.

## OPINION

HARRIS, Senior Judge (Assigned).

Tim Day appeals from a decree of dissolution of marriage. He argues that the trial court erred by determining that his entire workers' compensation settlement was marital property and that his child support obligation was improperly calculated. We affirm.

Tim Day and Shannon Day were married on June 17, 2000, in Boone County, Kentucky. Two minor children were born of the marriage. Mr. Day suffered a work-related back injury on January 3, 2006. The parties separated on April 16, 2006. Mr. Day filed his application for workers' compensation benefits after separation. The workers' compensation settlement agreement was approved after Ms. Day had petitioned for dissolution of marriage. Mr. Day received a gross settlement of $30,000.00 for his injury. He received: (1) $15,000.00 for future and past income benefits; (2) $10,000.00 for waiver of future medical benefits; (3) $2,500.00 for waiver of his right to reopen; and (4) $2,500.00 for a waiver of his right to vocational rehabilitation.

The trial court entered a decree of dissolution on November 6, 2007. In the decree, the trial court concluded that Mr. Day's entire workers' compensation settlement was a marital asset and awarded Ms. Day one-half of the settlement. The court granted joint custody of the minor children with Ms. Day as the primary residential custodian. The court further ordered Mr.

Day to pay $417.00 per month in child support. The trial court entered amended findings and conclusions of law on December 21, 2007. The trial court specifically found that Mr. Day dissipated $11,300.00 of his workers' compensation settlement. This appeal followed. Ms. Day did not file an appellee brief.

▪ Mr. Day first argues that the trial court erred by determining that his entire workers' compensation settlement was a marital asset and that the trial court failed to divide the settlement in just proportions.

At the outset, we note that Ms. Day failed to file an appellee brief. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) states:

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

The penalties contained in CR 76.12(8)(c) are discretionary, and we elect to review the merits of Mr. Day's claims. *See Flag Drilling Co., Inc. v. Erco, Inc.,* 156 S.W.3d 762, 766 (Ky.App.2005).

In *Quiggins v. Quiggins,* 637 S.W.2d 666 (Ky.App.1982), this Court held that workers' compensation benefits in either the form of a lump sum settlement or ongoing benefits are marital property. Mr. Day cites *Mosley v. Mosley,* 682 S.W.2d 462 (Ky.App.1985), and *Jessee v. Jessee,* 883 S.W.2d 507 (Ky.App.1994), in support of his arguments that exceptions have been created to the rule established in *Quiggins.* These cases are distinguishable from the present case.

In *Mosley,* this Court held that workers' compensation payments which accrued and were received after dissolution were not marital property. *Mosley,* 682 S.W.2d at 463. In the present case, Mr. Day received his entire workers' compensation award prior to dissolution. In *Jessee,* this Court simply held that the portion of a workers' compensation award which accrued prior to the marriage was non-marital and that the portion which accrued during the marriage was marital. *Jessee* has no application to the facts of the present case. The trial court correctly applied the rule stated in *Quiggins.*

▪ Next, Mr. Day argues that the trial court abused its discretion by failing to divide the workers' compensation settlement in just proportions as directed by KRS 403.190.

KRS 403.190(1) states:

> In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:
>
> (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
>
> (b) Value of the property set apart to each spouse;
>
> (c) Duration of the marriage; and
>
> (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for

reasonable periods to the spouse having custody of any children.

The trial court divided the workers' compensation settlement equally. The trial court also found that Mr. Day had dissipated funds from his workers' compensation settlement. This finding has not been challenged. The trial court recited that it considered the KRS 403.190 factors. The trial court specifically stated that the marriage was not of a short duration, that Mr. Day has not demonstrated that he is totally disabled, and that he has the ability to obtain appropriate job skills but has chosen not to do so. The trial court found that the parties contributed equally to the marriage.

Mr. Day cites *Reeves v. Reeves,* 753 S.W.2d 301 (Ky.App.1988), in support of his argument that an equal division of the settlement award was not in just proportions.

In *Reeves,* the marriage between the parties lasted only nineteen months. The only substantial marital asset was the husband's Jones Act award of $107,000.00. The husband was totally disabled, while the wife was not. This Court found that the trial court abused its discretion by awarding the wife 25% of the Jones Act award. By way of contrast, in the present case, the marriage between the parties lasted five years. Mr. Day's workers' compensation settlement was not the only substantial marital asset, nor is he totally disabled.

 Trial courts are vested with broad discretion when dividing marital property. *Smith v. Smith,* 235 S.W.3d 1, 6 (Ky.App. 2006). It is apparent from the amended findings and conclusions entered on December 21, 2007, that the trial court considered each of the KRS 403.190 factors. We are mindful that Mr. Day was injured only three months before separation and received his settlement only months prior to dissolution. However, in the context of the division of marital property as a whole, we cannot conclude that the trial court abused its discretion simply because we may have weighed the evidence differently.

Next, Mr. Day argues that the trial court erred in its determination of his child support obligation. However, we are cited to no legal authority nor to any specific evidence in the record which would demonstrate that the trial court's determination of child support was in any way contrary to law.

Accordingly, the order of the Kenton Circuit Court is affirmed.

ALL CONCUR.