RENDERED: OCTOBER 1, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2020-CA-1446-MR

ANITA BOND                                                    APPELLANT

                     APPEAL FROM CARTER CIRCUIT COURT
v.                    HONORABLE DAVID D. FLATT, JUDGE
                     ACTION NO. 15-CI-00255

JIMMY BOND                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

JONES, JUDGE: Anita Bond ("Anita") appeals from the Carter Circuit Court's order denying her motion to classify Jimmy Bond's ("Jimmy") medical malpractice settlement proceeds as marital property. Following a review of the record and all applicable law, and being otherwise sufficiently advised, we affirm.

# I.   BACKGROUND

Jimmy and Anita were divorced on October 30, 2015.  At the time the dissolution decree was entered, Jimmy had a personal injury claim pending in Boyd Circuit Court against King's Daughters Medical Center ("King's Daughters").  Jimmy's claim against King's Daughters alleged that certain of his medical providers performed unnecessary medical procedures on him.  These procedures were performed during Jimmy's and Anita's marriage.[1]  As such, the trial court reserved judgment on what portion, if any, of a future award to Jimmy would be classified as marital property.  As part of the decree, Jimmy was ordered to report to Anita any award he received as a result of his lawsuit so that Anita could determine whether to pursue classification of the award as marital property by way of a motion to reopen the dissolution action.

Jimmy's personal injury claim against King's Daughters was consolidated with approximately 125 other similar claims.  Eventually, the parties entered into a global settlement.  As part of the global settlement, King's Daughters agreed to pay a lump sum into a settlement fund to be distributed amongst the various claimants by a Special Master.  The Special Master was appointed by the Boyd Circuit Court; he had sole discretion in allocating the global

---

[1] On various occasions in 2005, and once in 2009, King's Daughters performed five cardiac procedures on Jimmy consisting of a single bypass surgery, two pacemaker implementations, and two cardiac catheterizations.

settlement. The Special Master allocated the proceeds by phase. Phase 1 compensated the claimants for the unnecessary procedures. To determine the amount of compensation, each claimant received various points based on the type(s) of unnecessary procedures that were performed on him. There was no accounting for any medical bills or lost wages, etc. The number of points each claimant received in Phase 1 was then compared against the whole to determine that person's percentage of the whole settlement award, entitling him to that percentage of the whole as his Phase 1 award. A certain portion of the settlement was set aside to provide additional, Phase 2 compensation to claimants who suffered extraordinary damages not captured in the award for having had the unnecessary procedures. Phase 2 damages included things such as allergic reactions, disability, lost wages, aneurysms, and death. The excess funds not dispersed from the extraordinary injury fund were reallocated proportionally to all claimants.

Jimmy received a gross settlement award of $357,415.50. According to Jimmy's personal injury attorney, Hans Poppe, this entire amount represented Jimmy's share of the Phase 1 fund and the remaining excess Phase 2 funds that were reallocated after all Phase 2 claimants were compensated. Jimmy did not apply for any Phase 2 recovery.

After Anita was apprised of Jimmy's settlement, she filed a motion to

reopen the dissolution action claiming that all or a portion of Jimmy's settlement should be classified as marital property. Jimmy countered that the settlement was in the nature of compensation for his pain and suffering for having undergone the unnecessary medical procedures, and therefore, was his nonmarital property. To support his position, Jimmy filed an affidavit from Attorney Poppe.

The family court held a hearing on August 26, 2020, at which Attorney Poppe was the sole witness. Consistent with his affidavit, Attorney Poppe testified that Jimmy did not file a Phase 2 claim; all of Jimmy's settlement proceeds came from Phase 1 and the reallocation of excess Phase 2 funds. These funds were awarded to compensate Jimmy for the unnecessary procedures he underwent. Anita did not present any evidence or call any witnesses. Ultimately, the family court classified Jimmy's entire award as nonmarital property after having determined that it was for pain and suffering. The family court's order provides in relevant part:

> The testimony of Attorney Poppe clearly sets forth that the award for personal injury was a global settlement of damages arising from unnecessary cardiac procedures performed upon him by medical treatment providers. The settlement did not delineate exactly what damages the award was to compensate. There is no separation of the award between pain and suffering or lost wages. Poppe testified [Jimmy] did not submit a claim for lost wages or earnings, or for impairment in his ability to earn monies. The settlement excludes earning capacity as a potential basis for recovery. [Anita] was unable to provide any evidence suggesting the settlement was

-4-

based upon loss of earnings or impairment in the ability to earn. From the evidence presented this [c]ourt is unable to reach any conclusion other than the award was for pain and suffering. Pain and suffering damages are nonmarital in nature and not subject to division as a marital asset.

Record (R.) at 107-08.

This appeal followed.

## II. STANDARD OF REVIEW

"When property distribution is at issue in a dissolution proceeding, the trial court must undertake three steps: (1) the trial court must categorize each piece of disputed property as marital or nonmarital; (2) the trial court must assign each party's nonmarital property to that party; (3) the trial court must equitably divide the parties' marital property in just proportions." *Roper v. Roper*, 594 S.W.3d 211, 225 (Ky. App. 2019), *as modified* (Jan. 17, 2020) (citing *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006)). The trial court's assessment of whether an item is marital or nonmarital is reviewed under a two-tiered scrutiny in which the factual findings made by the court are reviewed under the clearly erroneous standard and the ultimate legal conclusion denominating the item as marital or nonmarital is reviewed *de novo*. *Smith*, 235 S.W.3d at 6.

## III. ANALYSIS

Pursuant to statute, marital property is defined to include "all property acquired by either spouse subsequent to the marriage except":

(a) Property acquired by gift, bequest, devise, or descent during the marriage and the income derived therefrom unless there are significant activities of either spouse which contributed to the increase in value of said property and the income earned therefrom;

(b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(c) Property acquired by a spouse after a decree of legal separation;

(d) Property excluded by valid agreement of the parties; and

(e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage.

KRS[2] 403.190(2).

Personal injury awards and settlements do not fit neatly within one of the above-mentioned exceptions. Accordingly, in *Weakley v. Weakley*, 731 S.W.2d 243 (Ky. 1987), the Kentucky Supreme Court supplied additional guidance to assist the lower courts in determining how personal injury awards to a married person should be classified in the event of a dissolution of the marriage. The Court first noted that workers' compensation benefits awarded for lost income that accrued during the marriage were considered marital property but that such benefits should be considered nonmarital property if they were intended to

---

[2] Kentucky Revised Statutes.

compensate the injured employee for lost income following the dissolution of marriage. *Weakley*, 731 S.W.2d at 244. However, the workers' compensation cases were not dispositive with respect to personal injury awards because "[t]he award in workers' compensation cases is limited to recovery for disability and medical expenses, while in tort cases an additional element of recovery for damage is allowed for pain and suffering." *Id.*

Accordingly, the *Weakley* Court determined that a court must determine whether any portion of the award was for "loss of earnings and permanent impairment of ability to earn money[.]" *Id.* If so, the court must next determine whether the award for lost income is "applicable to the years while the marriage existed[.]" *Id.* If so, it is marital property; however, "[t]o the extent that the award can be prorated to the remaining years of life expectancy following the dissolution of the marriage, it is nonmarital." *Id.*

The same rule does not apply to awards for pain and suffering because such awards are "in no sense the replacement of earnings that otherwise would have accrued during the marriage." *Id.* at 245. "As a matter of fairness it does not seem right that upon the dissolution of the marriage one of the parties should be rewarded because the other party had the misfortune to suffer painful injuries as a result of an accident [or tort]." *Id.* "[A]s to pain and suffering resulting from an injury sustained during the marriage, the injured party has simply exchanged

property acquired before the marriage, i.e., good health, free from pain, for the money received as compensation for the loss." *Id.* As such, the pain and suffering award should be treated as nonmarital property pursuant to KRS 403.190(2)(b). *Id.*

While *Weakley* added significant clarification to the law surrounding the classification of personal injury awards, the Court did not address "the proper procedure for the allocation between marital and nonmarital property of a personal injury award for an injury sustained during the marriage where the settlement or judgment does not indicate what portion of the award applies to earning capacity and what portion is allocated to pain and suffering." *Id.* In the present case, we are presented with the very situation contemplated, but left unresolved, in *Weakley*, where it is unclear from the face of the settlement documents what portion of a settlement is for personal injury and what portion, if any, is for lost wages or impairment of earning capacity.

While the *Weakley* Court did not adopt a test for trial courts to follow where the settlement was silent, we reject that it intended all proceeds from a silent settlement to be classified as marital property. Otherwise, we can see no reason for the Court to have referred to "the proper procedure" to be used in such cases. In subsequent unpublished cases, we have held that the burden is on the spouse receiving the settlement to prove it is nonmarital and that he may do so by presenting additional evidence to the trial court as occurred in this case. *Holbrook*

*v. Holbrook*, No. 2003-CA-002725-MR, 2005 WL 497229, at \*3 (Ky. App. Mar. 4, 2005).  The trial court's ultimate findings on the issue then must be reviewed by this Court under the "clearly erroneous" standard.  *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986); CR[3] 52.01.

Contrary to Anita's assertions otherwise, we do not believe the trial court placed the initial burden on her to prove the settlement was marital property.  Instead, we conclude that the language in the trial court's order was meant as an affirmation that Jimmy had produced sufficient evidence based on the testimony of Attorney Poppe that the settlement proceeds were intended to compensate Jimmy for his pain and suffering for having undergone the unnecessary medical procedures, and that Anita had failed to present any contradictory evidence.  Attorney Poppe testified that Jimmy did not apply for Phase 2 funds and that the Phase 1 funds were meant to provide compensation to Jimmy for the injuries he suffered for having undergone the unnecessary medical procedures.  This was sufficient evidence from which the trial court was able to find that the proceeds Jimmy received were in the nature of pain and suffering compensation.  Having done so, the trial court properly categorized them as nonmarital property.

---

[3] Kentucky Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the Carter Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Justin Criswell
Grayson, Kentucky

BRIEF FOR APPELLEE:

Will J. Matthews
Grayson, Kentucky